EDWARD RUDD v. M. T. JOHNSON, JR., ET AL.

(Case No. 3882.)

1. COMMUNITY ESTATE — ACTION BY HEIRS TO RECOVER.— Though the administrator of a deceased husband's estate has authority to maintain a suit to recover land for purposes of administration belonging to the community, without joining therein the heirs either of the deceased husband or wife, still a judgment against him in such a suit would constitute no bar to a suit by the heirs of the mother for her community interest.

2. CASE FOLLOWED.— Hodge v. Donald, 55 Tex., 344; and *hull*, that when a colonist in Peters' colony settled upon land in 1848, which was appropriated afterwards by a certificate issued to him in 1850 as the head of a family, his wife having died in 1849, the land belonged to the community estate of the husband and wife.

APPEAL from Tarrant. Tried below before the Hon. J. A. Carroll. The opinion sufficiently states the case.

*Smith & Jarvis*, for appellant.

*Jas. H. Field*, for appellee, cited: Barrett v. Barrett, 31 Tex., 346, 347; Loller v. Frost, 38 Tex., 212; 41 Tex., 425; 44 Tex., 350; id., 23; 14 Tex., 75, 76; 11 Tex., 88; id., 181; 17 How., 141; 12 Wheat., 198; Causici v. La Coste, 20 Tex., 285, 286; Caudle v. Welden, 32 Tex., 355; Fisk v. Flores, 43 Tex., 343, 344; Edwards v. Beavers, 19 Tex., 508; Webb v. Webb, 15 Tex., 275; Yates v. Houston, 3 Tex., 453.

WATTS, J. COM. APP.— Two questions are presented by the record for determination:  1st. Does the judgment rendered in the case of Tinsley v. Brinson, Administrator, etc., constitute a bar to the suit by the heirs of Mrs. Johnson, who sue for her community interest? 2d.  Do the facts asserted by the answer of the appellant Rudd show that the land in controversy was the community property of Blackwell and wife?

Sarah E. Tinsley, joined by her husband, brought suit as sole heir of her mother, Rebecca Blackwell, against M. J. Brinson as administrator of M. T. Johnson, Sr., deceased, claiming an undivided one-half interest in the six hundred and forty acres of land, a portion of which is now in controversy, as the community interest of the mother, Rebecca Blackwell.  The judgment in that cause was rendered at the November term, 1868, of the district court of Tarrant county, adjudging that Mrs. Tinsley was entitled to an undivided one-half interest in the survey, and also decreed a partition, which

was subsequently completed by allotting to Johnson's estate the north half of the survey, and to Mrs. Tinsley the south half. Mrs. Vienna Johnson, the mother of the appellees, died before her husband, M. T. Johnson, Sr., and these children were not made parties to that suit. Chief Justice Roberts, in Guilford v. Love, 49 Tex., 733, said: "It was decided at an early day, that, from the general authority intrusted to an administrator by the probate laws, he could, without the heirs being joined with him, bring and defend suits for land to protect the interests of the estate."

The court, in Gunter v. Fox, 51 Tex., 388, discussing the case of Barrett v. Barrett, 31 Tex., 344, said: "So much of that opinion which holds that it was impossible for the court to adjudicate upon the title without making the heirs at law of the intestate, upon whom the descent had been cast, parties, when applied, at least, to a suit in which the administrator is plaintiff, seems to be in conflict with the above, and, we think, better considered cases."

It is said in Zacharie v. Waldron, 56 Tex., 117: "At the date of the judgment the statute of 1876, pertaining to estates of deceased persons, was in force. This statute, as regards the powers and duties of executors and administrators, was substantially the same as that of 1848, under which, by repeated decisions of this court, the heirs of the deceased were not required to be joined with the executor or administrator in suits involving title to lands."

While this may be accepted as the settled rule, it by no means determines the question under consideration. The appellees, against whom the rule is invoked, are not suing as the heirs of M. T. Johnson, Sr., against whose administrator the judgment in favor of Mrs. Tinsley was rendered, but are suing as the heirs of Mrs. Vienna Johnson, to recover her community interest in the land. It is insisted, however, that as the administrator of the deceased husband has the authority as such to administer upon the whole community property, and use it in the payment of community debts, that therefore the rule announced in the above cited cases would apply with equal force to the heirs of the deceased wife, claiming as such, as to the heirs of the deceased husband, whose estate is represented by the administrator.

In Thompson v. Cragg, 24 Tex., 595, it was held that a decree of the district court against certain children, as the heirs of their deceased father, for specific performance of a bond for title, given by the father after the death of his wife for title to community lands, did not affect the interest which the defendants have in the land, as heirs of their mother.

It may be conceded that the administrator of the deceased husband's estate would have the authority to maintain suits to recover and reduce to possession the whole community estate for the purposes of administration to the extent of paying the community debts, without the necessity of joining with him either the heirs of the deceased wife or husband. But he is not the representative of the heirs of the deceased wife, to the extent that a judgment against him recovering lands belonging to the community would constitute a bar to a suit by such heirs for the community interest of their mother.

Upon the death of the wife the marital partnership is dissolved, and the community estate immediately vests, one-half in the husband and the other half in the heirs of the deceased wife. This property, however, thus descends burthened with the community debts. And after the death of the wife the husband may sell it for the purpose of paying these community debts. That is the full extent of his authority over it, without first qualifying as survivor in community.

Suppose that after the death of the wife suit should be brought and judgment recovered against the husband alone, for lands belonging to the community, when he had not qualified as survivor; it is not believed that such judgment would bar a recovery by the heirs of the deceased wife for her community interest in such land. And we are unable to perceive why the power and authority of the husband's administrator in this respect should be considered more extensive than that of the husband during his life.

We conclude that the judgment in the case of Tinsley v. Brinson, Administrator, etc., did not constitute a bar to this action brought by the heirs of Mrs. Vienna Johnson, and that the court below did not err in sustaining appellees' demurrers to that plea.

The answer asserting title in appellant to the land by reason of the community right of Rebecca Blackwell, and mesne conveyances from her sole heir, Mrs. Tinsley, down to appellant, is sufficient, if true, to show title in the appellant to that community interest, unless defeated by some independent matter asserted and established by appellees. That part of the answer shows that Blackwell and wife immigrated to and settled in Peters' colony on the land in controversy prior to 1848, and that Mrs. Blackwell died in 1849, and that Blackwell secured a certificate for six hundred and forty acres of land as the head of a family, by reason of that settlement in the colony, which certificate was issued to him in December, 1850; that the same was located upon the land in controversy, and was sold and transferred to M. T. Johnson by Blackwell.

That under such facts and circumstances the property belonged to the community, and not the separate property of Blackwell, is fully settled in the case of Hodge v. Donald, 55 Tex., 344. And that decision was approved in the case of Porter v. Chronister, decided at the last Tyler term (58 Tex., 53).

We conclude that the court erred in sustaining appellees' demurrer to this portion of appellant's answer.

The principles of law and equity governing the rights of parties in the partition of lands are so well settled that there is no necessity to discuss them in this connection.

We report that the judgment of the court below ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion approved June 26, 1883.]