SARAH F. CLAPP'S EXECUTORS v. WHARTON BRANCH ET AL.
No.924.

**1. Probate Judgment of Another State—Estoppel.**

The judgment of a probate court of Louisiana disposing of a decedent's property there to his father, brother and sister as his heirs, his wife and child not being parties to the proceeding, and no issue as to their claims being adjudicated, does not operate as an estoppel against claimants through such wife and child of lands of the deceased situated in Texas.

**2. Evidence—Record of Probate Proceedings.**

Where the issue is, whether a certain child was born alive after the death of the father, the record of proceedings had in the probate court of another State, in which the father died, disposing of the property there to certain persons as his heirs, and not showing that any claim thereto was made in behalf of his widow and child, is admissible in evidence, not as conclusive proof, but as a circumstance to be considered.

### 3. Evidence—Comment of Witness.

A witness having testified to certain statements as to family history and pedigree, made by members of the family, added, "I am sure they did not lie to me." Held, such comment was unwarranted and should have been stricken out.

### 4. Innocent Purchaser from Heirs.

A purchaser of land from parties claiming as heirs must see to the fact of heirship, and will not be deemed an innocent purchaser as against one holding under the true heirs.

APPEAL from Angelina. Tried below before Hon. JAS. T. POLLEY.

*Ben B. Cain, W. S. Herndon* and *W. J. Townsend,* for appellees.

1. The probate proceedings in Louisiana are not res adjudicata as to who were the heirs of Henry Rueg, deceased, as to lands in Texas.

(a) Because the Texas lands were not and could not have been inventoried and administered.

(b) Because it does not appear that the real heirs were parties to that proceeding, and there was no issue on the question of heirship; and

(c) Because it is the settled law of all civilized countries that real property, as to its tenure, mode of enjoyment, transfer and descent, is regulated and governed by the lex loci rei sitae, and therefore parties decided to be heirs in one State are not necessarily heirs in another. Branch v. Texas Lumber Co., 8 U. S. C. C. App., 562; also 60 Fed. Rep. 201; Johns v. Northcutt, 49 Texas, 444; 8 Am. and Eng. Ency. Law, 414; Paschal v. Acklin, 27 Texas, 173; Jones v. Parker, 67 Texas, 76; Bradley v. Love, 60 Texas, 472; Davis v. Roosevelt, 53 Texas, 305.

2. If our contention is correct, that it does not appear that the Louisiana court had jurisdiction of either the person or subject matter—that is, that neither the lands in controversy nor the child of Henry Rucg or Mrs. Rueg, claiming to be the heir, were before the court, it necessarily follows that the probate proceedings were immaterial, irrelevant and incompetent for any purpose, and were therefore properly excluded. Henslee v. Henslee, 5 Texas Civ. Apps., 280.

3. The vendors of appellants were strangers to the title. They neither held the legal nor the equitable title. Having no evidence of ownership, either by deed or inheritance, these vendors could not be innocent purchasers. They were bound to ascertain who were the heirs of Henry Rueg when they proposed to purchase the title of such heirs. N. Y. & Texas Land Co. v. Hyland, 28 S. W. Rep., 206; Ross v. Morrow, 85 Texas, 174; Sanborn v. Schuler, 23 S. W. Rep., 641; Patty v. Middleton, 82 Texas, 590-591; Pouncy v. May, 75 Texas, 565; Texas Lumber Mfg. Co. v. Wharton Branch et al., 8 U. S. Circuit Court App. 562.

*E. J. Mantooth* and *F. B. Sexton,* for appellants.—1. A judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies, whenever the existence of that fact is again in issue, not only when the subject matter is the same, but when the point comes incidentally in question in relation to a different matter in the same or any other court. So in this case, the judgment or decree of the

Probate Court in Louisiana appointing an administrator of the estate of Henry Rueg, at the instance of the heirs, or next of kin, and a subsequent distribution of the estate to such heirs, necessarily affirms that such persons are the heirs; and this fact is so cardinal that, without it, the judgment of the Probate Court in the succession of Henry Rueg cannot stand. Florentine v. Barton, 2 Wallace, 216; Parish v. Ferris, 2 Black, 608; Bank v. Beverly, 1 Howard, 134 (14 Curtis, 533); Hopkins v. Lee, 6 Wheaton, 109 (5 Curtis, 26); Blackburn v. Crawford, 3 Wallace, 190; 2 Black on Judgments, secs. 609, 613, 614, 615; Freeman on Judgments, secs. 249, 253 and 256, and the three last paragraphs of sec. 257; 1 Greenleaf's Evidence, sec. 534; Garwood v. Garwood, 29 Cal., 520; 21 Am. and Eng. Encyc. Law, 130, note p. 186, note p. 201.

2. Decrees of probate or decrees made in the course of administration are considered as being in rem and conclusive upon all persons. And a decree of distribution made by a Probate Court is in the nature of a proceeding in rem; and, in this case, settles the question of whether or not Henry Rueg left any lineal descendants, and who were his heirs. It points out the persons who were his heirs at his death. This the Probate Court of Natchitoches Parish, Louisiana, was competent to do, and did, by its decision. Steele v. Renn, 50 Texas, 481 (bottom of page); 2 Black on Judg., secs. 808, 633, 643, 644 and 646; Freeman on Judg., secs. 249, 256 and 257; Exton v. Zule, 14 N. J. Eq., 501; Merklein v. Trapnell, 34 Penn St., 42.

3. If the proceeding was not in rem, then as requisite to the rule of res adjudicata, there must be an identity of issues, and an identity of parties or privies. The issue of heirship existed, both in the probate proceeding and in this case; therefore there is an identity of issue. The parties to the probate proceedings were in privity with the intervenors who assert title to one-half of the land sued for by appellant's testatrix, both the plaintiff and the intervenors asserting title under those claiming to be the heirs of Henry Rueg, and who were parties to the probate proceeding. 2 Black on Judg., sec. 610, and authorities above.

WILLIAMS, ASSOCIATE JUSTICE.—Appellants are plaintiffs in an action of trespass to try title brought to recover of defendants, Branch and others, several tracts of land. Appellees are parties who intervened, asserting title to an undivided half of the land for which plaintiffs sued. The verdict and judgment were in their favor for one-half and for plaintiffs for the other half, defendants showing no title. The titles exhibited on either side emanated from Henri and Louis Rueg, who, in 1838, were the joint owners of the land. Plaintiffs, confessedly, have the interest of Louis Rueg, and claim that of Henri Rueg, who died in 1838, through his father, brother and sister, claiming to have inherited from him. The intervenors claim such interest by inheritance through a child, who, they assert, was born to Henri Rueg by his widow after his death. The question upon which the case depends is one of fact, whether or not such a child was born alive, so as to inherit from its father. If it was, it is con-

ceded that the intervenors have the title to the half which they recovered, unless defeated by plaintiffs' plea that they are innocent purchasers. Intervenors' evidence tended to show that Henri Rueg's wife was pregnant when he died, and that she subsequently gave birth to a child who lived a few weeks and died, casting the inheritance upon its mother, from whom intervenors claim. Plaintiffs' evidence tended to negative the fact of the birth of a living child to the widow, and to impeach and break down the testimony of witnesses upon which their adversaries relied. Among the evidence which plaintiffs offered was the record of a proceeding in the Probate Court of Natchitoches Parish, Louisiana, which was offered both for the purpose of showing a final and conclusive adjudication of the fact that no such child was born, and that the father, brother and sister of the deceased were the heirs, and also, in case it was held not. to be an adjudication of the question at issue, as a circumstance tending to establish their contention. The record was excluded, and this ruling is assigned as error. The proceeding was begun March 19, 1838, by a petition to the Probate Court by Louis Rueg, stating that Henri Rueg, his brother, had recently died in that parish, leaving property owned by him in partnership with the applicant, and a community of acquests and gains between deceased and his widow, Marie Louise Flores, then pregnant, and asking for the appointment of a curator ad ventrem for the unborn child, and that an inventory and appraisement be taken, upon notice to the widow and the curator. A curator was appointed, accepted and qualified, and appraisers were also appointed, who, together with the parish judge, and in the presence of the widow and the curator, made an inventory and appraisement of the property, which was filed and approved.

On December 22, 1838, one Alexis Lernee made application for letters of administration, representing that the deceased left no legitimate descendants, but left a father, brother and sister, the first and the last residing in Switzerland, and that they were the heirs of deceased and had authorized the applicant to administer; and on December 22 an order was entered, reciting that the petitioner had established his quality of attorney in fact, and had, in the name of the heirs, accepted the succession, and appointing him administrator. Subsequent proceedings show the sale of the property, under orders of court, the payment of debts, and the delivery of the residue of the money and claims therefor over to Louis Rueg as one of the heirs and the attorney in fact for the others, the father, brother and sister being recognized and stated as such heirs; and, finally, on December 26, 1840, these facts being shown, the court entered an order approving the accounts and discharging the administrator.

The only one of these proceedings with which Mrs. Rueg is shown to have had any connection was the taking of the inventory and appraisement. In that, there was no issue as to the right of inheritance from the deceased. The prospective rights of the child were recognized, and there was no determination of any person's right to inherit. The subse-

quent administration was a proceeding in rem, and all the world were parties to it, in the sense that they were to be bound by the judgment disposing of the property within the jurisdiction of that court in that proceeding. But no other property was involved or affected. The very reason why the judgments in such cases are binding on all persons is that the court deals with the property in its custody, and not with persons.

The judgment does not fix a personal estoppel upon any one, precluding him or her from asserting title to property not involved in the proceeding, because the court has no jurisdiction either over the person or the property. The proceeding in question, it may be conceded, conclusively disposed of the property within the jurisdiction of the court, but none other. And, as there was no adjudication of an issue to which Mrs. Rueg or her child was a party, it could not operate as an estoppel in personam, and, without operating in personam, it could not estop them as to land in Texas.

But we think this record admissible for the other purpose assigned, as bearing on the question of fact whether or not there had been born a child whose rights, or those of its mother inherited from it, to the estate of the deceased, were superior to those to whom the estate was delivered. The proceeding was in a court of record, was based upon the assertion that others than a child of deceased were his heirs. If it is true, as claimed by appellees, that there had been born a living child who inherited from Rueg, and that the child had died, its mother was probably entitled to the property being disposed of in this proceeding. It was considerable in amount, and yet the record shows that others were allowed to represent to the court that they were the persons entitled and to take the property, without the assertion of any claim on her part. This is a circumstance which plaintiffs had the right to have the jury consider. It is not conclusive, and the fact that no right was asserted to that property does not prove that it did not exist, but it nevertheless is a circumstance entitled to consideration; and with proper limitations as to its effect and the purpose for which it is to be considered, the record should be admitted. Allen v. Read, 66 Texas, 19.

We are also of the opinion that the court erred in not excluding the statement of the witness Charles Rambin, in which, after stating what he had been told by members of Mrs. Rueg's family of the birth of a child, he added: "I am sure they did not lie to me." This was a comment upon the evidence which the witness was not entitled to make.

If the persons through whom plaintiffs claim were not the heirs of Henri Rueg, they cannot prevail against the title of those who are the heirs, on the plea that they were innocent purchasers. Persons undertaking to buy from heirs of dead people in whom the legal title was vested, must see to the fact of heirship. Patty v. Middleton, 82 Texas, 587.

We find no error pointed out in the other assignments.

*Reversed and remanded.*

Delivered October 31, 1895.