JOHN H. COLE ET AL. v. D. B. GRIGSBY ET AL.

No. 368.—Decided February 17, 1896.

1. **Patent to Deceased Grantee—Construction of Statute Limitation.**

The Act of December 24, 1851, Revised Statutes 4185, that patents issued in name of persons deceased at the time of issuance "shall be to all intents and purposes as valid and effectual to convey and secure to the heirs or assignee * * * as though such deceased person had been in being at the time such patent bears date," does not vest in the heirs of the patentee the legal title to the entire tract of land as against the rights of his widow and her heirs to her community interest; the rights of the heirs are just what they would be if the patent had issued in the life-time of the grantee. (Pp. 228, 229.)

2. **Partition—Community Property—Limitation.**

A partition among the heirs of John Grigsby did not affect the community rights of his widow, nor of her heirs. (Thompson v. Cragg, 24 Texas, 582.) And such partition and mesne conveyances down to the defendant in possession will not support the defense of limitations of three years. (P. 229.)

3. **Notice—Construction.**

The fact that land was granted as a headright league to John Grigsby would be sufficient to charge the purchaser from his heirs with notice of the rights of his wife and her heirs. (P. 229.)

4. **Limitation.**

The defense of limitation is not dependent upon want of notice of the superior title concluded under the statutes. (P. 229.)

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Dallas County.

This suit, an action of trespass to try title and for partition, was instituted on the 14th day of August, 1874, in the District Court of Dallas County, by the plaintiffs Daniel B. Grigsby and Maria Louisa Swindle née Edens, joined by her husband C. C. Swindle, against the appellant and three hundred or more other defendants, one of whom was Robert F.

Aspley, to recover the community interest of their mother in the James A. Sylvester 640 acre survey, and in about 3284 acres in the John Grigsby league and labor survey of lands lying in said Dallas County.

John Grigsby married his second wife, Louisa, in the State of Illinois, immigrated to Texas in the year 1835, and settled in Houston County. He received a head-right certificate for one league and labor survey of land and acquired by purchase a bounty warrant for a 640 acre survey issued to James A. Sylvester.

In 1841, the said John Grigsby died intestate, seized and possessed of the aforesaid certificate and warrant, leaving surviving him his widow, the said Louisa, and her two children, the issue of their said marriage, viz.: Emeline Grigsby, subsequently married to L. B. G. Aspley, and the said plaintiff, Daniel B. Grigsby, also seven other children, the issue of a former marriage, viz: Crawford Grigsby, William Grigsby, Elizabeth Grigsby, subsequently married to Marcus P. Mead, Ruth Ann Grigsby, subsequently married to Bales Edens, James Grigsby, John Grigsby and Robert H. Grigsby.

Letters of administration on the estate of John Grigsby, deceased, were granted by the Probate Court of Houston County to the said Louisa Grigsby, surviving widow, and the said Crawford Grigsby, eldest son of said deceased, July 26, 1841, and thereupon they returned an inventory of said estate in which these lands were mentioned as the property of John Grigsby.

The said Louisa, surviving widow of the said John Grigsby, deceased, married the said Bales Edens and to them was born one child, viz: the said plaintiff Maria Louisa Swindle née Edens.

On August 4, 1843, the said Louisa Grigsby and Crawford Grigsby, administrators as aforesaid, both having died, letters of administration de bonis non were granted to the said Bales Edens.

Said league and labor survey was patented to said John Grigsby January 28, 1842, and said 640 acre survey was patented to the heirs of John Grigsby, deceased, assignee of James A. Sylvester, February 9, 1846.

At the November term, 1847, of the Probate Court of Houston County an order was made and entered of record removing the administration of said estate from said Houston County to Anderson County, and said removal of said administration was completed on February 24, 1848.

Subsequently, in 1848, partition of these lands, as described in plaintiffs' petition and hereinbefore mentioned, was made among the said nine children and heirs of the said John Grigsby, deceased, by the Probate Court of Anderson County, in due course of administration upon the estate of said decedent husband and co-plaintiff in this suit, and after the death of his wife, the said Louisa, Bales Edens, as aforesaid, married the said Ruth Ann Grigsby.

The said Emeline Grigsby was born January 16, 1837, married to L. B. G. Aspley February 24, 1854, and died intestate November 7, 1868, leaving as her heirs her husband, the said L. B. G. Aspley, and their son and only child, the said Robert F. Aspley, who was born December 11,

1854, and who was one of the original defendants in this suit, but who entered no appearance as such until the 22d day of October, 1881, when he filed his original answer; and who, on May 19, 1891, by permission of the court, filed an amended original cross bill changing his position in the case from that of defendant to that of plaintiff herein.

On the 8th day of December, 1874, the said L. B. G. Aspley, by his deed of gift of that date, conveyed and transferred to the said Robert F. Aspley his life estate of an undivided one-third of the interest of his deceased wife, the said Emeline, in and to the lands described in plaintiffs' petition, and again on the 12th day of November, 1888, the said L. B. G. Aspley, by his deed of conveyance of that date, conveyed and transferred to the said Robert F. Aspley his said estate above mentioned, in and to the same said lands described in said petition.

The plaintiff, Daniel B. Grigsby, claims an undivided two-eighteenths, and the plaintiff, Maria Louisa Swindle, claims an undivided three-eighteenths of all the said lands described in their said petition, and the said plaintiff, Robert F. Aspley, claims an undivided four-eighteenths of all the same said lands described in said petition.

On the 28th day of February, 1891, the said plaintiffs, Daniel B. Grigsby and Maria Louisa Swindle, joined as aforesaid by her husband, the said C. C. Swindle, filed their last amended original petition, in which they set out by metes and bounds the several tracts of land claimed by the several defendants to this suit.

On the 19th day of May, 1891, the said plaintiff, Robert F. Aspley, filed his said amended original cross bill, adopting as his own, largely, the pleadings as contained in the said amended original petition last filed by the said plaintiffs, Daniel B. Grigsby and Maria Louisa Swindle.

And on the same said day, May 19, 1891, defendant John H. Cole filed his amended original answer herein, in which said answer he interposed the following pleas, to-wit:

A general plea of not guilty.

A disclaimer as to ownership of any lands described in plaintiffs' petition, except the several tracts thereof described and claimed by him in his said answer.

A plea of legal and equitable ownership, with full description by metes and bounds of the said several tracts of land claimed by him.

Pleas of three, five and ten years limitation respectively.

A plea for value of improvements made in good faith.

Franzeska Meisterhans and husband claim to be the owners of certain portions of the land described in plaintiffs' petition, describing by metes and bounds the portion so claimed by them and disclaiming as to all the balance of the land described in plaintiffs' petition, and as to the part claimed by them they plead not guilty and limitation of three, five and ten years. They specially insist that the institution of the suit in 1874 did not interrupt the running of the statute of limitation as to them because, as they aver, they were not made parties to the suit until February 28, 1891.

November, 1891, a trial was had, and upon a verdict judgment was rendered wherein plaintiff Grigsby recovered an undivided two-eighteenths and plaintiff Maria Louisa Swindle an undivided three-eighteenths of certain parcels of the surveys described, the parcels being particularly described in the judgment.

On appeal the judgment as to Cole and Mrs. Meisterhans was affirmed and upon their application writ of error was granted. Among errors assigned are the following:

"6. In holding that the heirs of the wife are not precluded by the proceeding in the Probate Court and partition among the heirs of the husband.

"7. That the three years statute of limitations cannot be invoked in favor of the vendees of the husband against the heirs of the wife when the title appears on its face to be community property of the husband and wife."

*R. D. Coughanour* and *A. S. Lathrop*, for plaintiffs in error.—Appellees' claim of title to the land in controversy in this suit is not a legal but an equitable one only, and is obnoxious to both the plea of stale demand and that of three years limitation. Grisgsby v. May, 84 Texas, 240; Edwards v. Brown, 68 Texas, 329; Harvey v. Cummings, 68 Texas, 599; Yancy v. Batte, dissenting opinion, 48 Texas, 60; Boon v. Chamberlin, 82 Texas, 480; Howard v. Stubblefield, 79 Texas, 1; Chamberlin v. Boon, 74 Texas, 659; Montgomery v. Noyes, 73 Texas, 203; Rowe v. Horton, 65 Texas, 90; Underwood v. Dugan, 139 U. S., 380; Hanna v. Moulton, 138 U. S., 486.

The Probate Court of Anderson County, in 1848, was a court of general jurisdiction (a court of record) empowered to determine the rights of the parties over whom it assumed to act, and its proceedings and judgment cannot be attacked in a collateral proceeding. Martin v. Robinson, 67 Texas, 368; Heath v. Layne, 62 Texas, 686; Alexander v. Maverick, 18 Texas, 179; Burdett v. Silsbee, 15 Texas, 604; Guilford v. Love, 49 Texas, 715; Freeman on Judgments, sec. 122.

The minors D. B. Grigsby, Emeline Grigsby and Maria Louisa Edens, now appellees herein, were before the Probate Court represented by Bales Edens, the legally constituted guardian of the estate of each and all of said minors at the time when partition was made of the lands described in plaintiffs' petition. The commissioners made partition of said lands according to the terms of said interlocutory decree and reported the same to the July term, 1848, of the court, which was in all things approved by the court, and the administrator was ordered and directed to make deeds accordingly to the said nine children and heirs, respectively, of John Grigsby, deceased. Harris v. Petty, 66 Texas, 514; Kahn v. Isrealson, 62 Texas, 221; Byrne v. Love, 14 Texas, 81; Evansich v. Ry., 57 Texas, 126; Abrahams v. Vollbaum, 54 Texas, 226; Act of Jan. 29, 1840, 3; Sayles' Early Laws, art. 707, sec. 1, vol. 1, p. 334; 1, Bl. Com., 461.

*Richard Morgan* and *Jeff Word*, for defendants in error.—The charge as to the defense of three years limitation was properly refused for the reason that there was no evidence to which it could apply, because, as to the head-right league and labor patented to John Grigsby, the decree of partition in the Probate Court in the administration of John Grigsby's estate, and the administrator's deeds made in pursuance thereof did not convey such title or color of title as is necessary to support the plea of the three years statute of limitation against those who sue for the community interest of John Grigsby's widow in such land. And while as to the 640 acre survey patented to the heirs of John Grigsby, assignee of James A. Sylvester, the rule is different in regard to the effect of said decree and administrator's deeds, nevertheless, as to the lands in that survey claimed by appellant Cole, he failed to show a regular chain of title to himself from the heir of John Grigsby to whom said land was allotted in said partition. And the testimony with reference to the possession of the lands in both of said surveys, the Grigsby and Sylvester, is such as shows that the three years statute of limitation does not apply. Constitution of 1869, sec. 14, art. 12; Sayles' Texas Statutes, vol. 4. p. 448; Grigsby v. Peak, 57 Texas, 142; Peak v. Swindle, 68 Texas, 242; Grigsby v. May, 84 Texas, 240; Sayles' Civil Statutes, art. 3215; Ib., arts. 3191, 3192; Cox v. Bray, 28 Texas, 248; Veramedi v. Hutchins, 48 Texas, 531; Paxton v. Meyer, 67 Texas, 97; Long v. Brenneman, 59 Texas, 213; sec. 19 final title, general provisions, p. 672, vol. 2, Sayles' Statutes; 65 Texas, 382; Hussey v. Moser, 70 Texas, 44; Parker v. Chancellor, 73 Texas, 475; Moffitt v. Moffitt, 67 Texas, 642; Lynch v. Ortlieb, 87 Texas, 590; League v. Rogan, 59 Texas, 427; Hill v. Moore, 85 Texas, 335.

BROWN, ASSOCIATE JUSTICE.—Of the many grounds of error presented, we deem it unnecessary to consider but one, and as applicable to that one the following statement of the facts will be sufficient for its discussion.

The land involved in the case as presented in this court is a part of a league and labor headright survey granted to John Grigsby, which was the community property of himself and his wife Louisa Grigsby. John Grigsby died in 1841, after which, in the year 1842, the patent for the land was issued by the Republic of Texas in the name of the said John Grigsby.

At his death, John Grigsby left surviving him seven children by a former marriage; two children by his wife Louisa also survived him, one of the children of the latter marriage being Daniel B. Grigsby, one of the plaintiffs in the court below, and the other the mother of ——— Aspley, who was made a defendant in the original suit, but whose right was recognized, and he was subsequently treated as a co-plaintiff. After the death of John Grigsby, his surviving widow married Bales Eden, of which marriage the plaintiff Maria Louisa Swindle, née Eden, was born in 1843, and within a few days thereafter her mother Louisa died.

Administration was had upon the estate of John Grigsby, and in the

year 1848 the land was partitioned by order of the Probate Court of Anderson County among the nine children of John Grigsby, no notice being taken of the interest of Louisa in making the partition, and nothing given to her child by Eden. The land was divided among the parties as the heirs of John Grigsby, deceased.

The plaintiffs below sued the defendant Cole and many others to partition lands in this survey and another, claiming the interest that they inherited from their mother, to which Cole pleaded, among other things, the statute of three years limitation. To a number of the tracts of land embraced in this survey, plaintiff in error Cole showed regular chain of title from the heirs of John Grigsby, as it was set apart and partitioned by the court as above stated. It is not denied that, as to some of these tracts, his proof of title and possession was sufficient to sustain his plea of limitation, if it were applicable to the case as shown by the evidence.

It is unnecessary to go into a detailed statement of the facts of this case for the purposes of this investigation. Cole asked the court below to give to the jury a charge on the three years' statute of limitation which was in proper form and was refused by the court, which refusal was sustained by the Court of Civil Appeals, as to the land embraced in the survey patented in the name of John Grigsby, for the reason that, so far as the interest of the plaintiffs as the heirs of their mother was concerned, the statute of three years' limitation would not apply, which ruling presents the only question that we propose to discuss.

John Grigsby was dead at the time the patent was issued in his name, and the common law being then in force in this State, the patent was void. (Dev. on Deeds, sec. 187.) On December 24, 1851, the Legislature of this State enacted the following law:

"All patents which have heretofore been issued by the authority of the Republic or State of Texas in the names of persons deceased at the time of issuing such patent, and all patents to land which may be issued hereafter by authority of the State of Texas in the names of persons deceased at the time at which said patents may be issued, shall be to all intents and purposes as valid and effectual to convey and secure to the heirs or assignee, as the case may be, of such deceased persons the land so patented, or which may be so patented, as though such deceased person had been in being at the time such patents bear date." (Sayles' Rev. Stats., art. 3951.)

This writ of error was granted under the belief that the above law had the effect to place the legal title to the land in the heirs of John Grigsby, the same as if the patent had been issued in the name of such heirs, but upon more careful examination of it we conclude that the law has only the effect to make the patent legal and valid, as to the heirs of John Grigsby, for the same interest they would have taken if he had been living at the time the patent was issued and had died subsequently, which would have been one-half of the land. In other words, under the law, the rights of the heirs are just what they would have been if the patent had issued in the life time of John Grigsby instead of after his

death.    The law quoted did not have the effect to vest in the heirs of the patentee the legal title to the entire tract of land.    It did not in any way affect the interest of the heirs of the wife.    Whether or not a proper construction of the act would make valid the patent as to the wife's interest is not before us on this writ of error; be that as it may, their rights were secured under the certificate, location and survey, which is sufficient title to entitle them to recover.

It follows necessarily that in the partition of the land as the property of John Grigsby, between his heirs, the interests of the heirs of Louisa Grigsby were not in any way affected and did not pass by the decree of partition to the heirs of John Grigsby, and therefore they could not convey such right to their vendees.    As to the one-half of the land which belonged to the wife Louisa Grigsby and which descended to her children, the plaintiff in error Cole showed no title, and as to that half he did not connect with the sovereignty of the soil either by title or color of title.    Under the authority of Thompson v. Cragg, 24 Texas, 582, and Veramendi v. Hutchins, 48 Texas, 531, the title of Cole was not such as would support the plea of three years' limitation against the heirs of Louisa Grigsby.

If the question of notice had been of any importance in the case, the fact that the land was granted as a headright to John Grigsby would be sufficient to charge the purchaser from his heirs with notice of the right of his wife and her heirs, but it was unimportant upon the question of limitation whether the parties had notice or not, and while it does not affect the judgment of the Court of Civil Appeals, we deem it proper to say that in so far as it was made to depend upon the fact of notice, if so intended, it is incorrect.    Grigsby v. May, 84 Texas, 255, et seq.

We find no error in the judgment of the Court of Civil Appeals, and the judgment of the said court is therefore affirmed.

*Affirmed.*

In support of a motion for rehearing R. D. Coughanour, for plaintiff in error, urged:

A legislative grant of land in Texas, to the heirs of him in whose name a void patent therefor had been issued, subsequent to the time of his death, confers legal title upon them only, as if granted in the name of such heirs respectively, notwithstanding that others, by reason of the community ownership of the certificate by virtue of which the grant was made, might assert an interest in the land.

Citing:  Fisher v. Blight, 2 Cv. 358; Newell v. The People, 3 Seld., 97; Const. 1845, art. 7, sec. 24;  Grigsby v. May, 84 Texas, 246;  Sedg. on Stats. 39, note 194, 230 note.

The motion was refused.