PETER TIBOLDI V. ROBERT E. PALMS ET AL.

Decided January 22, 1904.

**1.—Trust Deed—Sale by Trustee After Death of the Constituent.**

The rule announced in Rogers v. Watson, 81 Texas, 400, to the effect that where there had been no administration upon the estate of the maker of the deed of trust, and the time within which such administration might have been taken out had expired, the power of the trustee, which had been in abeyance the four years which preceded the death of the maker, became again effective, and a sale made by him under said power passed the title to the property sold, can not be extended so as to cover cases in which there has been an administration upon the estate of the maker of the trust deed.

**2.—Estates of Decedents—Jurisdiction of County Court.**

The jurisdiction of the county court over the estates of deceased persons, when it has once attached to a particular estate, becomes exclusive, and the orders and judgments of that court disposing of the property of the estate are final and conclusive as between the heirs and creditors of said estate, unless appealed from or set aside by a direct proceeding instituted at the proper time. It is too late, after administration has been had and closed, to assert lien rights against property set aside by the county court to minor children, as a homestead. Such a lien could have been asserted in the course of administration.

**3.—Administration—Failure to Publish Notice of Appointment.**

The legality and conclusiveness of the orders of the county court are in no degree affected by the failure of the administrator to publish notice of his appointment as required by the statute. Such failure can only render the administrator liable in damages to a creditor affected thereby.

Appeal from the District Court of Galveston. Tried below before Hon. Robert G. Street.

*William T. Austin,* for appellant.

*William B. Lockhart,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—On April 13, 1891, Louisa M. Palms and her husband, Ange Palms, being indebted to Charles A. Brown in the sum of $1000, executed and delivered to him their promissory note for said sum payable one year after date, with interest at the rate of 8 per cent per annum from date, and for the purpose of securing said note on the same day executed a deed of trust whereby they conveyed to A. B. Buetell lot No. 2, in block No. 672, in the city of Galveston. This trust deed authorized the trustee in event default was made in the payment of said note to sell the property therein described at public sale before the door of the courthouse of the county of Galveston, if requested so to do by the holder of said note, and apply the proceeds thereof to the satisfaction of said indebtedness.

At the time this deed of trust was executed the property thereby conveyed was not the homestead of said Louisa M. and Ange Palms. The note was not paid at maturity, but was extended by agreement of the parties from time to time. Ange Palms died in January, 1895, leaving a will which was duly probated whereby he devised all of his property to his wife Louisa, and appointed her sole and independent executrix of said will. Thereafter on January 26, 1896, the said Louisa,

having previously qualified as such executrix, entered into a written agreement with the then holder of said note whereby, in consideration of the extension of the time of payment of the note, she acknowledged the existence of said debt and lien and promised to pay the same on April 13, 1899. Louisa M. Palms died intestate in December, 1897, and in March, 1898, B. R. A. Scott was appointed administrator of her estate by the County Court of Galveston County, and qualified as such administrator on April 24, 1898. At the next term of the court after the inventory of the estate had been filed the property described in the deed of trust, which at the date of the death of Louisa M. Palms was occupied by her as a homestead, was, upon the application of the administrator, set apart to the minor children of said Louisa M. Palms, the appellees herein, as their homestead. The property, if ever occupied by appellees as a homestead after the death of their mother, has long since been abandoned as such. The appellant prior to the death of Louisa M. Palms, for a valuable consideration and in due course of trade, became the owner and holder of the indebtedness evidenced by the note and the renewal thereof executed by said Louisa M. Palms. The administration of the estate of Louisa M. Palms in said court continued until the 28th day of January, 1900, on which date the final account of the administrator was approved and the administration closed. Appellant did not present his claim to the administrator and made no effort to collect same through said administration. He did not know of the death of Louisa M. Palms, nor of the pendency of said administration, until after same was closed, and no notice of his appointment was published by the administrator as required by the statute. After the close of said administration, the indebtedness evidenced by said note being long past due and unpaid, the trustee named in said deed of trust, at appellant's request, sold the property therein described. This sale was made in accordance with the terms of the trust deed, and appellant became the purchaser of the property.

The foregoing statement contains in substance the facts set out in appellant's petition as constituting his cause of action. The prayer of the petition is for a recovery of the property, or in the alternative, for the establishment of the debt and a foreclosure of the lien given by the trust deed.

The court below sustained a general demurrer to this petition, and appellant declining to amend his suit was dismissed. Counsel for appellant earnestly contends that the judgment of the court below should be reversed because it appears from the petition that at the time of the sale of the property, under the power conferred by the trust deed, the indebtedness for the security of which said deed of trust was executed was valid and subsisting, and the administration upon the estate of Louisa M. Palms had been closed, and therefore the power of the trustee, which was only suspended after the death of Louisa M. Palms, revived and the sale under said trust deed was effective to pass the title to said property.

It is conceded by appellant's counsel that it is the settled rule of decision in this State that a sale made by a trustee, after the death of the maker of the trust deed and pending an administration upon his estate, or, if no administration has been had, within four years after the death of the maker, is void. This has been settled law since the case of Robertson v. Paul, 16 Texas, 472, and the rule there announced has been followed by numerous decisions of our Supreme Court. In the case of Rogers v. Watson, 81 Texas, 400, it was held that where there had been no administration upon the estate of the maker of the deed of trust, and the time within which said administration might have been taken out had expired, the power of the trustee, which had been in abeyance during the four years which preceded the death of the maker, became again effective and a sale made by him under said power passed the title to the property sold.

We do not think that the rule announced in Rogers v. Watson, supra, should be extended so as to cover cases in which there has been an administration upon the estate of the maker of the trust deed. The question has been directly decided adversely to appellant's contention by the Court of Civil Appeals for the Third District, in the case of Markham v. Wortham, 67 S. W. Rep., 341. It may be, as insisted by counsel, that the judgment of affirmance in that case can be sustained upon other grounds than the one stated in the opinion, and therefore the refusal of a writ of error by the Supreme Court can not be regarded as an approval by that court of the rule announced in the opinion of the Court of Civil Appeals, but we are not disposed to question the soundness of that opinion and feel constrained to follow it, there being no decision of the Supreme Court to the contrary.

The jurisdiction of the county court over estates of deceased persons, when it has once attached to a particular estate, becomes exclusive, and the orders and judgments of that court disposing of the property of the estate are final and conclusive as between the heirs and creditors of said estate, unless appealed from or set aside by a direct proceeding instituted at the proper time.

The object of the statute in requiring all creditors of an estate to present their claims against the estate and have same adjudicated in the court in which the administration of the estate is pending is to enable that court to adjust and fix the rights of all the creditors as well between themselves and the heirs as between each other. It would be impossible to accomplish this result if a creditor who had failed to present his claim in the administration of the estate was permitted after the close of said administration to establish and foreclose liens upon property of the estate which had been disposed of by order of the court in the administration.

Appellant admits that his right to foreclose his lien upon this property would have been lost had the property been sold by the orders of the court during the administration, but insists that the order of the court setting aside the property as a homestead for the minor children

of the deceased did not and should not in any way affect his lien thereon. It is true that had he sought to enforce his lien in the county court while said administration was pending and the entire estate was in the hands of that court, the order setting aside the property as a homestead would have been of no effect and said property would have been subjected to his lien. Had he asserted his claim in the administration the minor children might have had other property of the estate set aside to them as a homestead or in lieu thereof. It seems to us that after the administration of the estate has been closed, the property all disposed of, and the jurisdiction of the county court over the estate exhausted and its power to protect appellees in their homestead rights lost, it would be manifestly unjust to permit appellant to deprive appellees of the homestead which was set apart to them by a court of competent jurisdiction by an order valid upon its face and not obtained by fraud, and which would not have been made but for the failure of appellant to inform the court in the manner prescribed by the statute of the existence of the lien claimed by him. We think both law and equity require that appellant be held to have lost his lien by his failure to assert his claim at the proper time. The alleged failure of the administrator to publish the notice of his appointment as required by the statute in no way affects the conclusiveness of the orders of the county court made in the administration of the estate. All parties interested in the estate were required to take notice of the pendency of the administration which had been regularly begun, and the only effect of the failure of the administrator to publish the notice of his appointment would be to render him liable for any damage thereby occasioned a creditor, and could not defeat the jurisdiction of the court, nor render invalid any orders regularly made in the administration of the estate. Rev. Stats., art. 2067; McGowan v. Zimpleman, 53 Texas, 483; Hirshfield v. Brown, 30 S. W. Rep., 963.

We are of opinion that the judgment of the court below should be affirmed and it is so ordered.

*Affirmed.*

Writ of error refused.