MOSS et al. v. SLACK et al.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 4, 1911. On Motion for Rehearing, Dec. 9, 1911.)

1. PARTITION (§ 36*)—DECREE—EFFECT.

A decree of the probate court, partitioning property of the estate of one parent when the heirs of the parent are parties, does not affect the interests of the heirs in the same property inherited from another parent.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 36;* Descent and Distribution, Cent. Dig. §§ 311–317.]

2. COURTS (§ 202*)—PROBATE COURTS—JURISDICTION.

The probate courts are courts of general jurisdiction within the scope of the power conferred by the statutes, and, when a probate court acquires jurisdiction of an estate, all parties interested therein are bound by all the proceedings.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 485; Dec. Dig. § 202.*]

3. PARTITION (§ 36*) — IN PROBATE COURT — PETITION.

Where a petition in the probate court by an heir for the partition of his father's estate alleged that conveyances by heirs embraced all the interests of the heirs in the estate of the deceased father, and did not refer to the estate of the deceased wife of the father, a decree in partition was not an adjudication of the claims of the heirs of the deceased wife.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 36;* Descent and Distribution, Cent. Dig. §§ 311–317.]

4. APPEAL AND ERROR (§ 837*)—RULINGS ON PLEADINGS—REVIEW.

The testimony of the district clerk, found in the statement of facts, disclosing the date of the filing of the original petition in an action, cannot be looked to in aid of the ruling overruling an exception to an amended petition based on the defense of limitations to the amended petition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3262–3278; Dec. Dig. § 837.*]

5. APPEAL AND ERROR (§ 681*)—RULINGS ON PLEADINGS—REVIEW.

Where it does not affirmatively appear from the pleadings when the original petition in the action was filed, the court on appeal may not hold that the trial court erred in overruling a special exception to an amended petition based on the defense of limitations.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2883, 2884; Dec. Dig. § 681.*]

6. TRIAL (§ 120*) — IMPROPER ARGUMENT OF COUNSEL.

In an action against a widow brought by a child of a former marriage for an interest in property conveyed by her deceased father to the widow during the marriage, the argument of plaintiff's counsel that the widow was extravagant and freely spent the money of her husband, and that as soon as she got posses-

---

sion of the last piece of property from her husband he mysteriously died, and she went to another place and married again, was ground for reversal, in the absence of any evidence justifying it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 285–287; Dec. Dig. § 120.*]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by May Slack and another against Mrs. Annie Moss and others. From a judgment granting partial relief, both parties appeal. Reversed and remanded.

M. F. Martin, Goodson & Goodson, and J. C. George, for plaintiffs. Callaway & Callaway and Wilkinson & Lee, for defendants.

DUNKLIN, J. Allie D. Brown, wife of Frank M. Brown, died August 7, 1891, intestate. Five children who survive their mother were born of that marriage, namely, Ross Brown, Langston Brown, F. P. Brown, May Brown, and Ernest Brown. In September, 1892, Frank M. Brown married Annie Brown, and Madge Brown and Flossie Brown were born of that marriage. In January, 1894, Frank M. Brown qualified as administrator of the community estate of himself and his deceased wife, Allie D. Brown, returning an inventory of that estate which was appraised by appraisers duly appointed at $25,598.37. Frank M. Brown filed no account of any character in that administration, and no order was made therein by the court except to approve the inventory appraisement and bond and to empower the survivor "to control, manage, and dispose of said estate real and personal in the same manner and as if his said wife, Allie D. Brown, was still living without further action on the part of this court."

On September 30, 1903, Frank M. Brown died intestate. Administration proceedings upon his estate were instituted in the county court of Erath county October 10, 1903, by Mrs. Annie Brown, upon whose application S. S. Davis was appointed temporary administrator, but later the court appointed Mrs. Annie Brown permanent administratrix, and after proper qualification she took charge of the estate and acted as such administratrix until the final close of the administration on September 28, 1904. This administration was upon the individual estate of Frank M. Brown and was not upon the community estate of deceased and his surviving wife, Mrs. Annie Brown, under the provisions of chapter 28, tit. 39, Sayles' Civil Statutes. The temporary administrator collected certain debts due the estate, consisting of notes, rents, and a life insurance policy, the collections aggregating $13,087.33, and out of such collections discharged debts against the estate aggregating $5,033.55. The balance remaining after payment of court costs, together with all other property belonging to the estate, was delivered to the administratrix, who, together with appraisers appointed by the court, filed an inventory and appraisement of the property belonging to the estate. This inventory and appraisement contains the following statement: "The administratrix and appraisers would first report that in the year A. D. 1892, when F. M. Brown married Mrs. Annie Brown, he had theretofore been married, and by his then deceased wife had five children, and was then the manager and afterwards became the surviving administrator of the community estate of himself and his first wife, and which from the best evidence obtainable to us was of the aggregate value of $25,598.37. That after the death of his first wife he continued to do business on the original community estate of himself and first wife, keeping no separate account, and so mingling and intermixing the same up to the time of his death that there is no particular piece of property that we can say is separate or community, and therefore we report the same as separate and community by valuation as to the amount which is the best way to get at the matter. That of the community estate of M. F. Brown and his first wife $15,000 thereof was in personal property and $10,598.37 was in real property. That continuing to operate on this original community property, he and his second wife accumulated the balance of the property that we report hereafter in value and out of this original community property of the first marriage. F. M. Brown has paid to the children of his first wife one-half thereof, except the sum of about $2,100 still owing to Ernest and May Brown and which $2,100, added to the original one-half of F. M. Brown, would make the property hereinafter reported first, to the extent of $14,899, the separate property of F. M. Brown charged with the payment of $2,100 above stated, and after the payment of which there would be left as the separate property of F. M. Brown the amount of $12,799, and which would be in the proportion of two-fifths to be considered as realty and three-fifths as personal property. With the above explanation all the property herein reported is reported as the community property of F. M. Brown and Annie Brown. F. M. Brown owning a one-half interest therein, but the whole of said property as owned by both F. M. and Annie Brown, is to be held subject to the payment of all debts against the estate of F. M. Brown, except the individual debts of F. M. Brown to May and Ernest Brown, and which is to be discharged from the separate estate of F. M. Brown as aforesaid."

In this inventory there was listed numerous items of real and personal property the values of which aggregated $63,855.75; also, several promissory notes and accounts

amounting to several thousand dollars additional.

After the death of Frank M. Brown, his surviving wife, Mrs. Annie Brown, procured deeds in her favor from Ross, Langston, F. P., and May Brown, through which Mrs. Moss (formerly Mrs. Annie Brown) claims the interests of the grantors in their mother's estate as well as their father's estate. The estate of Frank M. Brown was finally partitioned and settled upon the application for such partition filed in the probate court by the guardian of the estate of Ernest Brown, then a minor. In that application it was alleged that Ross, Langston, F. P., and May Brown had conveyed to Mrs. Annie Brown their interests in the community estate of Frank M. and Allie D. Brown. May Brown by an instrument in writing waived the issuance and service of notice of the application and entered her appearance for the purposes of the distribution and final settlement of the estate of Frank M. Brown to be thereafter effected at the September term, 1904, of the probate court of Erath county. On September 26, 1904, that court entered an order partitioning the estate in accordance with the following finding appearing in the decree of partition: "It further appears to the court from the evidence, and it is so ordered, adjudged, and decreed, that the estate of F. M. Brown in regard to its community character between himself and his first deceased wife, Allie D. Brown, and the separate property of F. M. Brown, between the death of his first wife and the marriage to his second wife, and the community character thereof as between F. M. Brown and his present wife, Annie Brown, and the general nature and character of said estate in all of those respects, is as stated in the schedule and appraisement on file among the papers of this case and as is represented in the papers on file herein referring thereto, which papers, schedule, and appraisement are here referred to and adopted as a part of this judgment, and that by reason thereof the only practical way of arriving at the proportion that each party is entitled to in said estate is by estimating the money value with reference to the entire estate of each distributee thereof. Said method is hereby adopted, and it is ordered, adjudged, and decreed by the court that of the total value of the estate the minor Ernest Brown is entitled to $6,385 in money value, and that Madge and Flossy Brown are each entitled to $4,283 in money value thereof, and that Mrs. Annie Brown, on account of her community interest in said estate and her interest as an heir and as the purchaser of the interest of Ross Brown, May Brown, Langston Brown, and Perkins Brown, is entitled to the remainder of said estate."

The deed executed by May Brown to Mrs. Annie Brown referred to above recited a consideration of $3,580 paid and the assumption by the grantee of any indebtedness that the grantor owe to the estate of Frank M. Brown, deceased, and the property conveyed was described as "all and singular my interest of any and every kind in and to the estate of Frank M. Brown, deceased, and to any and all property, real, personal or mixed, of every kind that I may now or might hereafter be entitled to as one of the heirs of Frank M. Brown, deceased," with a further recital, reading: "It is expressly understood that the said Frank M. Brown, deceased, in his lifetime settled, adjusted, and paid to me, and I received the same from him, full and absolute payment of any and every thing that I was entitled to in the community estate of the said Frank M. Brown and his first wife, Allie D. Brown, deceased, my mother, and that I am not entitled now to anything whatever on account of the community interest of my said deceased mother in the community estate of herself and her husband, Frank M. Brown, of which the said Frank M. Brown qualified as surviving administrator and as such fully settled with me, so that, in so far as I am concerned, or any interest I may have ever had, my interest in said community estate has been paid to me, so that Frank M. Brown took said community property as his own separate and individual property free from any claims that may have had and passed into the possession and ownership of the said Frank M. Brown, and constituted and still constitutes a part of the estate of Frank M. Brown, deceased, which, as an heir of the said Frank M. Brown, I am now conveying by this instrument to the said Mrs. Annie Brown."

May Slack, formerly May Brown, joined by her husband, H. E. Slack, instituted this suit against Mrs. Annie Moss, formerly Mrs. Annie Brown, and her husband, S. E. Moss, and Madge and Flossie Brown, to recover the interest inherited by her from her mother in the community estate of Mrs. Allie D. Brown and Frank M. Brown and for partition.

In another count of her petition she alleged that she was induced to execute the conveyance in favor of Mrs. Annie Brown by fraudulent misrepresentations by the grantee, and she sought a cancellation of said deed by reason of such fraud, and in the alternative to recover damages sustained by her as a result of such fraud, in the event she should be denied a recovery of the property for which she sued. At the conclusion of the evidence, the court instructed a verdict in favor of Mrs. Moss and her two children against Mrs. Slack for all the property which had been administered in the probate proceedings upon the estate of Frank M. Brown, and from a judgment in accordance with that verdict plaintiff has appealed.

The peremptory instruction was given upon the theory that the decree of partition by the county court in the administration

of Frank M. Brown's estate was an adjudication of appellant's interest in her mother's estate as well as her interest in her father's estate, and, as that decree had become final, it precludes a recovery in this suit of any further interest in the property embraced in that decree.

[1] It has been settled by many decisions of our Supreme Court that a decree of court partitioning property as belonging to the estate of one parent, when the heirs of that parent are parties to the suit, does not affect the interests of those heirs in the same property inherited from another parent. See Cole v. Grigsby, 89 Tex. 229, 35 S. W. 792; Caruth v. Grigsby, 57 Tex. 259; Thompson v. Cragg, 24 Tex. 582. See, also, Rudd v. Johnson, 60 Tex. 91. We think the rule thus announced is applicable here, and that the court erred in giving the instruction now under discussion, particularly in view of the attack made on the deed by May Slack.

[2] Appellees have cited numerous decisions announcing the familiar rule that our probate courts are courts of general jurisdiction within the scope of the powers conferred by our statutes, and that when the probate court acquires jurisdiction of an estate all parties interested therein are bound by all the proceedings. Among the decisions cited are Clapps' Executors v. Branch, 11 Tex. Civ. App. 203, 32 S. W. 735; Tiboldi v. Palms, 34 Tex. Civ. App. 318, 78 S. W. 726; Id., 97 Tex. 414, 79 S. W. 23.

[3] While the probate court acquired jurisdiction over the estate of Frank M. Brown, it did not acquire jurisdiction over the estate of Mrs. Allie D. Brown. The allegation by Ernest Brown, in his application for a partition, that Mrs. Annie Brown had purchased appellant's interest in the estate of Mrs. Allie D. Brown, and the acceptance by appellant of notice of that application, could not operate to confer jurisdiction upon the probate court to determine that issue and to give effect to that conveyance. The only estate which the court was then administering was that of Frank M. Brown, and not the estate of Mrs. Allie D. Brown, or any other person, and the decree of partition is void in so far as it purports to settle the rights of appellant in her mother's estate, and hence was subject to a collateral attack to that extent.

In the application of Ernest Brown for partition of his father's estate, it was alleged that Mrs. Annie Moss had purchased the interests of Ross, Langston, F. P., and May Brown; but neither in that application nor in any other pleading was there an allegation that those interests belonged to the estate of Frank M. Brown, deceased. Hence in no event can it be said that the decree of partition was an adjudication of the claim now asserted by May Slack against Mrs. Moss. Moore v. Snowball, 98 Tex. 16, 81 S. W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596.

Certain property conveyed to Mrs. Annie Brown during her marriage with Frank M. Brown and claimed by her as her separate property was not embraced in the administration upon the estate of Frank M. Brown. Appellant May Slack recovered a judgment for an interest in this property upon her contention that the same belonged to the community estate of Mrs. Allie D. Brown and Frank M. Brown. From that part of the judgment Mrs. Moss has appealed.

She insists that the court erred in overruling her special exception to plaintiff's petition, urging the defense of limitation, in that it is alleged in the petition that the deed from May Brown to Mrs. Annie Brown was dated January 2, 1904; that the third amended original petition upon which plaintiff went to trial was filed November 21, 1910; that that petition shows on its face to be an amendment to the second amended original petition filed October 14, 1909, more than five years after the alleged date of the deed. The transcript does not show when the original petition was filed.

[4, 5] The testimony of the district clerk appearing in the statement of facts shows that the original petition was filed January 2, 1906, just two years after the alleged date of the deed. Appellant insists that this cannot be looked to in aid of the ruling on the exception, and we agree with this contention; but, when we do so, it does not affirmatively appear from the pleadings when the original petition was filed, and therefore we cannot say that the court erred in the ruling now under discussion.

Objections were made to the testimony of Mrs. Slack in support of her allegations that the deed by her to Mrs. Annie Moss was obtained through fraudulent misrepresentations on the part of the grantee. One ground of objection was that the decree of the probate court discussed above precluded plaintiff from questioning the validity of the deed. For the reasons above given, this ground of objection is untenable. Another ground of objection was that plaintiff closed her case without introducing any evidence to sustain her allegation of fraudulent misrepresentations, and that the testimony offered was admitted after Mrs. Moss had closed her case and after her witness, by whom she would have rebutted the testimony of Mrs. Slack, had been excused. As this ground of objection will not likely arise on another trial, it will not be discussed.

Mrs. Slack, after testifying that she was an educated person, was permitted to testify that she signed the deed in ignorance of certain recitals therein; the grounds of objection being that there was no evidence tending to show a sufficient excuse in law for her failure to read the instrument and to know all of its contents. We think that the testimony of Mrs. Slack, taken as a whole, was sufficient to establish a predicate

for the admission of this testimony. Other objections to the testimony of Mrs. Slack, upon the ground that it was apparent from the petition that her cause of action was barred by limitation, are overruled in view of what we have said already.

[6] One of the appellant's attorneys, in making the closing argument in the case, used the following language: "The whole testimony in this case shows that this old woman, Annie Brown, had in her mind at the time she married F. M. Brown with her health, strength, and good looks, the purpose of getting possession of all of the property belonging to F. M. Brown and his first wife, the mother of the plaintiff May Slack, and, in order to accomplish this purpose, soon after she was married to Brown, had Brown to make $3,000 or $4,000 improvements on the homestead of Brown and his first wife; that she then expended Brown's money for fine clothes, and dressed herself in gilded attire and diamonds, and, in this house that she had improved and belonged to Brown and his first wife, she would pull off social stunts, and in that way absorbed the estate of Brown and his first wife; that, as soon as she got possession of the last piece of property from Brown, Brown mysteriously died, and she then went to Dallas with all of Brown's money and married another man."

Error has been assigned to the action of the court in overruling an exception made to this argument; the ground of objection thereto being that the language used had no support in the evidence, in that no testimony had been introduced to show that Mrs. Moss had indulged in the extravagances of attire, social stunts, or that her husband had mysteriously died. In the brief filed for Mrs. Slack, we are cited to no evidence tending to warrant the charges so made in the argument, and, as the same were highly inflammatory and calculated to prejudice the jury against Mrs. Moss, it constitutes reversible error.

Many other assignments are presented upon the findings of the jury and the judgment entered thereon upon this branch of the case; but, as the judgment must be reversed, it is unnecessary to discuss them.

For the errors noted above, the judgment in all the particulars noted is reversed, and the cause remanded.

### On Motion for Rehearing.

The recitals in our original opinion that Ernest Brown, in his application for partition of the estate of F. M. Brown, alleged that Ross, Langston, F. P., and May Brown had conveyed to Mrs. Annie Brown all their interests in their mother's estate as well as in their father's estate, were erroneous. In the application referred to, it was alleged that those conveyances embraced all the interests of the grantors in the estate of F. M. Brown, deceased; but the application contained no allegation that the interests of the grantors in their mother's estate were conveyed to Mrs. Annie Brown. This correction adds cogency to the reasons advanced for the reversal of the judgment rendered in favor of Mrs. Moss against Mrs. Slack, and the motion for rehearing filed by the former is overruled.