HEIRS OF JOHN ROGERS v. A. E. WATSON ET AL.

No. 7127.

1. **Trustee May Sell After Death of Constituent.**—A deed of trust was made to secure purchase money notes. One of the makers of the notes died. The others abandoned the purchase. Over four years from the death, no administration having been had, the trustee sold the land. The purchasers entered into possession, and sued the heirs to remove cloud of title upon the land. *Held*, that the power to sell could be executed after the death of the maker after four years from his death, there being no administration upon the estate. The plaintiffs took good title under the purchase.

2. **Default in Payment.**—In purchase money notes it was stipulated that the failure to pay any of the notes at maturity would make all the other notes due. A payment was made upon one. If upon a failure to pay any of such notes in full at maturity the other notes became due a subsequent payment of the balance on such notes would not reinstate the other notes which had already become due.

3. **Use and Occupation—Personalty Taken.**—A claim for use and occupation of land and for chattels taken are for torts and can not be set off against a contract debt. See example.

APPEAL from Falls. Tried below before Hon. J. R. Dickinson.

The opinion states the case.

*B. H. Rice* and *Z. T. Harlan*, for appellants.—1. If notes are given for the purchase money for the sale of real estate and suit is brought to rescind the contract of sale the notes should be tendered for cancellation, and a failure to do so is fatal to plaintiff's petition. Milligan v. Ewing, 64 Texas, 258; Cassaday v. Frankland, 55 Texas, 457; Rogers v. Blum, 56 Texas, 6.

2. After the death of the grantor in a deed of trust the power of sale granted to the trustee therein named can be exercised only through the Probate Court, and a sale made by a trustee after the death of the grantor in the trust deed in any other way is invalid and does not divest title out of the heirs of the deceased. Robertson v. Paul, 16 Texas, 472; Chandler v. Burdett, 20 Texas, 42; Hendrix v. Nunn, 46 Texas, 152; Cunningham v. Taylor, 20 Texas, 129; Abney v. Pope, 52 Texas, 293.

3. When a vendor seeks to set aside an executory contract for the sale of real estate, he must pay back the purchase money received and the value of the improvements placed thereon by the vendee, or show that the vendee has received its equivalent in rents or otherwise. Terrill v. Dewitt, 20 Texas, 256; Tom v. Wollhoefer, 61 Texas, 277; Milligan v. Ewing, 64 Texas, 258; Coddington v. Wells, 59 Texas, 49; Thomas v. Beaton, 25 Texas Supp., 321; Patrick v. Roach, 21 Texas, 251; McCarty v. Moorer, 50 Texas, 287.

*Goodrich & Clarkson*, for appellees.—When a sale of land is executory, as in this case, the superior title is in vendor and he is entitled to the possession, and the vendee has a mere equitable right to become

the owner by payment of purchase money.    Jackson v. Palmer, 52 Texas, 427; Baker v. Compton, 52 Texas, 252; Webster v. Mann, 52 Texas, 416; Harris v. Catlin, 53 Texas, 1.

Death does not revoke the power of trustee to sell under trust deed. Paul v. Robertson, 16 Texas, 472; McLane v. Paschal, 47 Texas, 365; Black v. Rockmore, 50 Texas, 94.

GAINES, ASSOCIATE JUSTICE.—The appellees brought this suit to remove clouds from the title and to be quieted in their possession of certain lands described in their petition.    The following extract from the brief of appellants, who were defendants in the court below, contains in the main an accurate statement of the grounds of action alleged in the petition:

"On June 23, 1887, A. E. Watson, for himself and as next friend to Irene Watson, Carrie Watson, and Armstead Watson, minors, and W. H. Jones, filed this suit in the District Court of Falls County, Texas, against Mrs. Ella E. Rogers and her minor children, John Rogers, Maud Rogers, and Maggie Rogers, heirs of John Rogers, deceased, to remove clouds from title to 1600 acres of land in Falls County.    Plaintiffs in their petition claimed that on October 20, 1879, during the marriage of defendant Ella E. Rogers and John Rogers, one James S. Jones sold and conveyed said lands jointly and in common to R. T. Smith, John A. Robinson, and John Rogers for the sum of $43,588, for the entire purchase of which the said Smith, Robinson, and Rogers executed their ten joint and several promissory notes, the first due on January 1, 1881, and the others due on the 1st day of January of each year thereafter up to January 1, 1891, when the last note was due, each of said notes to bear interest at the rate of 10 per cent per annum from maturity, and each except the first, which fell due on January 1, 1881, providing that in case of a failure to pay the same at maturity, that then the entire debt was to become due, and each and all secured by a vendor's lien on said lands; and in order to further secure the payment of said notes and each of them, that the said Smith, Robinson, and Rogers, as a part of the same transaction, made, executed, and delivered to Thomas E. Battle and Austin Robinson, as trustees, a deed of trust on said lands, together with other property, which said deed of trust provided that should default be made in the payment of any one of said notes said trustees, upon the request of the holder of said note, should sell said property and make a proper conveyance thereof to the purchaser and appropriate the proceeds of said sale to the payment of said note; that said Jones in the year 1881 died testate, and by his last will bequeathed said notes to plaintiff, which said will was duly probated; that on the —— day of September, 1880, the said John Rogers died intestate, leaving the defendant Ella E. Rogers (his widow) and the

other defendants. (his minor children) his only heirs, and that no administration was ever had upon his estate; that on the —— day of ———, 1881, the said Smith, Robinson, and the defendants, as heirs of John Rogers, deceased, abandoned said contract and failed and refused to comply with the same or pay said notes or any part thereof, and surrendered the possession of said lands to the legatees of said Jones, and that plaintiffs have ever since and are now holding possession thereof; that on the 15th day of December, 1884, after the death of said Rogers, with consent and by agreement with the defendants and said Smith and Robinson, said trustees sold said lands and plaintiffs became the purchasers at said sale, and that the said trustees made them a proper conveyance thereto.   Plaintiffs claim that said sale by said trustees is perfectly valid as to said Smith and Robinson, and they make no claim to said land, but that these defendants, holding that said trustees' sale was invalid as to said Rogers, assert claim to said land and threaten to sue them therefor and thus cast a cloud on their title and render said lands less valuable and marketable, and they pray to recover said lands, and that all pretended title be divested out of defendants and vested in them; and that their title be quieted and perfected and all clouds and doubts on the same be removed."

The petition also averred that there never had been an administration upon the estate of John Rogers, deceased, and that each of the notes executed was secured by a deed in trust upon the land of the same date.

The defendants excepted generally and specially to the petition, and their exceptions were overruled.   They also filed a general denial and a special plea in the nature of a cross-action claiming title to the land. The special plea admitted the sale of the land and the execution of the deed, the notes for the purchase money, and the deed in trust to secure the latter, in substance as alleged in the plaintiffs' petition.   It also admitted the death of John Rogers and the sale of the land by the trustees under the deed in trust.   It did not deny either the date of his death or the date of the trust sale as alleged; nor did it deny that no administration had ever been had upon Rogers' estate.   It did deny that the defendants assented to the surrender of the land to plaintiffs in the year 1881, but did not deny that Robinson and Smith abandoned the contract and gave up possession as is alleged in the petition.   It was, however, alleged in the special answer that the note which fell due January 1, 1881, was paid in part on December 20, 1880, and that afterward the balance was fully paid, but at what particular date is not alleged.   The special answer also averred that plaintiffs had taken possession of and converted to their own use certain personal property belonging to Smith, Robinson, and Rogers of the value of $7800; that Rogers, immediately after the sale to himself and Robinson and Smith, had expended $2000 of his own individual funds in improvements

which were placed upon the land. The answer also alleged that the rent of the lands was reasonably worth $5000 per annum.

A demurrer to defendants' special answer was sustained by the court, and all other pleas having been withdrawn judgment was rendered for the plaintiffs.

The assignments of error question the correctness of the court's rulings in overruling the demurrer to the petition and in sustaining that to the special answer. We are of the opinion that if the trustees in the deed in trust executed by the vendees to secure the payment of the purchase money of the land had the power to sell the land, notwithstanding the death of Rogers, the allegations in the petition show title in the plaintiffs to the land in controversy, and the court did not err in overruling the defendants' demurrer thereto. At an early day it was held in the case of Robertson v. Paul, 16 Texas, 472, that a sale made in pursuance of a power given in mortgage after the death of the mortgagor was void, although the mortgage was given to secure the payment of the purchase money of the mortgaged premises. That decision has been followed in subsequent cases in the court and may now be regarded as settled law. McLane v. Paschal, 47 Texas, 365; Black v. Rockmore, 50 Texas, 94; Abney v. Pope, 52 Texas, 288. In Black v. Rockmore, at the time of the sale under the power the widow of the deceased mortgagor had filed a bond and inventory under the statute and was administering the community estate as survivor. In Robertson v. Paul, and in the other cases cited, there were regular administrations pending at the time of the sale. The sales were not held void upon the ground that the death of the mortgagors had revoked the power, because it was recognized that the powers were coupled with an interest, and that they remained in force after the death of the respective constituents. But the exercise of the powers after such deaths and during an administration upon the mortgagors' estates was regarded as inconsistent with our statutes, which give to certain classes of claims against a decedent's estate priority of payment over a debt secured by a lien, even as to the property subject to the incumbrance. But in this case, according to the allegations of the petition, at the time of the sale more than four years had elapsed from the date of Rogers' death and no administration had ever been had upon his estate. Under the statute as it then existed and now exists, after a lapse of four years from the death of a person the Probate Court lost its power to grant letters of administration upon his estate. Rev. Stats., art. 1827. Consequently the provisions of the statute for establishing and ranking claims against an estate were no longer an obstacle to the sale. The debt being the purchase money promised to be paid, the holders of the notes were entitled to a preference in payment over all other claims whatever. Therefore the reason for the rule laid down in the cases cited no longer existed, and we are of opinion that the rule itself should be held no

longer applicable. After the time had passed within which letters of administration could be granted upon Rogers' estate, the debt being for a vendor's lien and no claim having priority over it as to the mortgaged premises, we see no good reason why the power which had been in abeyance did not immediately become effective, and why the sale did not pass the title to the property in controversy. We conclude that there was no error in overruling the demurrer to the petition.

The ruling that after the lapse of four years from the death of Rogers without administration upon his estate the trustees were empowered to sell the land for the payment of the notes secured by the deed of trust, also disposes of the question of the sufficiency of the defendants' special answer. They aver the payment of only the first note, and fail to allege that the whole of that obligation was fully paid at maturity. Not having been alleged, the pleading must be taken most strongly against them; and we think the case should be treated as if the answer admitted a default at maturity in the payment of a part of that note. If so, all the notes fell due immediately, and the subsequent payment of the balance of the first note did not restore the others to their original standing. At all events there were two notes past due in 1884, at the time of the trustees' sale, and there is no averment that these were ever paid. The answer, it is true, claims that the plaintiffs wrongfully dispossessed them of the land, and that they were entitled to recover of plaintiffs rents in an amount sufficient to extinguish the notes as they fell due. But the claim for the use and occupation of the land is a tort and could not have been offset against the notes, and consequently did not operate ipso facto as an extinguishment of the debts which were evidenced by them. Besides, if default was made upon the first note—and such we think is the proper construction of the answer—then the whole debt became due in January, 1881, and the rent from that time until the day of the sale was not sufficient at the amount alleged to pay over one-half of the plaintiffs' claim. So also the damages for the alleged conversion of the personal property could not operate as an extinguishment of any of the indebtedness evidenced by the notes. If this had been a suit to rescind the contract, then the question of improvements may have come properly into the case. But since we hold that the title to the land passed to the plaintiffs by the trustees' sale, it is clear that the defendants can not claim compensation for the improvements alleged to have been put upon the land by Rogers.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered June 16, 1891.