### Sallie E. Fossett v. A. G. McMahan et al.
### No. 131.

**1. Homestead—Lien Holder—Administration.**

Article 1993 of the Revised Statutes empowers the Probate Court to set aside homestead to the widow, etc., of the deceased; but article 2000 limits the power to such property as is not subject to the liens therein specified. It follows. therefore, that in setting aside 94 acres of land subject to the vendor's lien the Probate Court acted without authority of law ................................................................. 654

**2. Same—Void Order of Court.**

We are of opinion that although such an order should not be held absolutely void, it should be held void as to the lien holder, and that he may avoid it by establishing his claim and procuring an order to sell the property for its satisfaction, in the same manner as if no such previous order existed. Such sale would pass the title.................. 654

Certified Questions from Court of Civil Appeals for Second District,. in an appeal from Bosque County.

*J. A. Gillette,* for appellant.

*Crane & Ramsey, Wm. M. Knight,* and *S. H. Lumpkin,* for appellees.

GAINES, Associate Justice. — Answering the first question certified for our determination in this case, we are of opinion that the appellees who claim under the administrator's sale should prevail.

Article 1993 of the Revised Statutes provides, in substance, that at the first term of the court after the return of the inventory the court shall set apart for the use of the widow, the minor children, and of the unmarried daughters remaining with the family of the deceased, all the exempt property of the estate except one year's supply of provisions. Article 2000 provides, that "No property upon which liens have been given by the husband and wife, acknowledged in a manner binding upon the wife, to secure credits, or upon which a vendor's lien exists, shall be set aside to the widow and children as exempt property, or appropriated to make up the allowances made in lieu of exempted property, until the debts secured by such liens are first discharged."

After the adoption of the present Constitution the Legislature passed an act "to regulate proceedings in the County Court pertaining to the estates of deceased persons." Laws 1876, p. 16. That statute was modelled upon the law of 1848, and re-enacted the principal provisions of that act.

The law of 1848 provides, that at the first term of the court after the return of the inventory, the chief justice should set apart for the use and benefit of the widow and children of the deceased all the exempt property; and it contained no prohibition against setting apart such property when subject to existing laws. Pasch. Dig., art. 1305.

The Act of 1876 provides, that "No property on which liens have been given by the husband and wife, acknowledged privately and apart from her husband, to secure creditors, shall be appropriated to make up the $5000 or $500 aforesaid, until the debts secured by such liens shall be discharged." Laws 1876, sec. 57, p. 106. The sums mentioned were allowances in lieu of exempt property, when such property did not exist in kind. This act contained no express provision against setting apart exempt property when subject to liens.

The case of Harrison v. Obertheir, 40 Texas, 385, arose under the law of 1848. In that case the homestead had been set aside to the widow by an order of the Probate Court. At a subsequent term a creditor applied to the court and procured an order to sell the land to pay the balance due upon certain notes which had been given for the purchase money of the property. The order was granted and the property sold, the defendant in error becoming the purchaser. The widow was not made a party to the proceeding. She brought suit, the character of which is not clearly disclosed in the opinion, and it was held she was entitled to recover the land. The opinion recognizes that notwithstanding the order of the court

setting apart the property, the lien holder had the right to subject the property to the payment of his debt in a proper proceeding. Whether he should have applied to the County Court to set aside the former order, and for an order for the sale of the land, making the widow a party, or should have proceeded in the District Court, the opinion does not indicate.

That case was decided in 1874, and it is probable that the confusion which resulted from the proceedings which gave rise to that suit led to the incorporation in the Revised Statutes of the article we have quoted. Under the former law the lien creditor could be seriously embarrassed by a judgment in a procedure of which he had no actual notice, and which was required to be taken within so short a time after the grant of letters that it would be unreasonable to affect him with constructive notice.

Article 1993 empowers the court to set aside the homestead; but article 2000 limits the power to such property as is not subject to the liens therein specified. It follows, we think, that in this case the court acted without authority in setting apart to the appellant so much of the land as was subject to a vendor's lien. We are of opinion, therefore, that although such an order should not be held absolutely void, it should be held void as to the lien holder, and that he may avoid it by establishing his claim and procuring an order to sell the property for its satisfaction, in the same manner as if no such previous order existed.

Hensel v. Building and Loan Association, 85 Texas, 215, is in accordance with these views. It does not appear from the report of this case upon the former appeal, that the point was then made that the sale under which appellees claim was made for the purpose of satisfying a debt secured by a vendor's lien.

Such being our view in regard to the first question, the second and third require no answer.

Delivered May 10, 1894.