PETER TIBOLDI v. ROBERT E. PALMS ET AL.

Application No. 4110.  Decided March 10, 1904.

**Administration—Homestead—Trustee's Sale—Ruling Limited.**

    Writ of error is refused herein on approval of the ruling of the appellate court that a trustee's sale, after administration closed, was ineffective as against the right of homestead in the same land set apart by the court in such administration, and the lien holder should have asserted his claim, as against the homestead right, in the probate court. No ruling is made as to the effect of failure to assert the claim in probate on its validity as against those inheriting the property, nor as to the right of the lien holder to reopen administration in order to assert his claim against the homestead right.  (P. 416.)

Application for writ of error to the Court of Civil Appeals for the First District, in an appeal from Galveston County.

Tiboldi sued Palms and others for the recovery of land purchased by him at a sale under a trust deed, and, in the alternative, for the estab-

lishment of the debt and foreclosure of lien. The property in controversy had been set aside to defendants as homestead in the administration of the estate of Louisa M. Palms, and, after close of administration, had been sold and purchased by plaintiff under the powers of a trust deed given by said Louisa in her lifetime and not proved up against the estate. A demurrer was sustained to the petition and the suit dismissed. Plaintiff appealed, and on affirmance applied for writ of error.

*William T. Austin,* for applicant.—The Court of Civil Appeals erred in holding that the sale made under the deed of trust through which plaintiff in error deraigned his title to the property in controversy was void on account of tne fact that the maker of said deed of trust had died and administration had been opened on her estate and plaintiff in error had failed to present his claim and lien in said administration for allowance, approval and payment in due course of administration, because the powers of the trustee were not annulled or revoked by the death of the maker of the trust deed and by reason of the fact that administration was opened on their estate, and his powers were only suspended pending the administration, and same revived immediately upon the close of said administration. Rogers Heirs v. Watson, 81 Texas, 400, and cases cited; Gillaspie v. Murray, 66 S. W. Rep., 252; Silverman v. Landrum, 19 Texas Civ. App., 404; Nat. Exch. Bank v. Jackson, 33 S. W. Rep., 277; Linberg v. Finks, 7 Texas Civ. App., 398.

The Court of Civil Appeals erred in holding the case of Markham v. Wortham, 67 S. W. Rep., 341, as settling the law of this case, because the holding of the court in that case as to the effect of the death of the maker of a deed of trust followed by administration upon his estate is obiter dicta and such holding was unnecessary under the facts of that case, the fact appearing in that case that the property upon which the deed of trust was given had been set apart in the partition of the estate to minor heirs upon whose estate there existed a guardianship, and that the property was sold, under proceedings had in this guardianship, to the defendant in that suit before that suit was filed, which proceeding and sale, being made in a court having jurisdiction over the property and vested with full powers in the premises, wiped out the lien and passed the title to the property into the purchaser cleared of that lien.

The Court of Civil Appeals erred in holding that the order of the probate court made in the administration of Louisa M. Palms, deceased, setting apart the property in controversy to her children as homestead was binding on plaintiff in error and that this suit is a collateral attack on said order: (a) because said order was void as to the lien of plaintiff in error and did not in any way affect said lien and was made subject to said lien; (b) because said order did not involve said lien and only had the effect to set apart as homestead, if a valid order for any purpose, Louisa M. Palms' equity of redemption in the property; (c) because the order being void as to the lien, same is subject to collateral

attack by plaintiff in error. Rev. Stats., art. 2053; Ford v. Sims, 93 Texas, 586.

The suit of plaintiff in error is not a collateral attack on the order of the probate court setting aside the property in controversy as homestead, because said order was made subject to said lien and did not involve any issue or adjudication as to said lien, and only declared the property to be homestead of the deceased. The homestead thus set aside consisted of the equity of redemption only that the deceased had in the property. Same authorities.

The Court of Civil Appeals erred in holding that the failure of the administrator to give notice of his appointment, as required by Revised Statutes, article 2063, did not operate to excuse plaintiff in error's failure to present his claim pending administration, and in not holding that the claim of plaintiff in error, by reason of that fact, was not to be prejudiced by his failure to present his claim to the administrator.

WILLIAMS, ASSOCIATE JUSTICE.—We deem it proper to say that we refuse this application because it appears that the trustee's sale was made after the close of an administration upon the estate of the constituent of the power, in which administration the property incumbered by the trust deed had been set aside as a homestead, and no effort had been made therein to enforce the lien upon the property. The reasons for such holding are satisfactorily stated in the opinion of Mr. Justice Pleasants. The question, whether or not property so incumbered could be sold by the trustee after the close of an administration in which no action was taken by the probate court affecting the property, except to turn it over to the heirs as their inheritance, is not involved and no opinion is intimated upon it. Blinn v. McDonald, 92 Texas, 604. Nor is the further question involved as to the right of the holder of such a claim as that of plaintiff in error to reopen the administration in a proper case for the purpose of enforcing it. We agree with the Court of Civil Appeals that to give such a claim precedence over the homestead right adjudged by the probate court to the claimants thereof, such lien is required by the probate law to be enforced in the administration proceedings. Fossett v. McMahan, 86 Texas, 652; Hensel v. International B. and L. Assn., 85 Texas, 215; Abney v. Pope, 52 Texas, 292; Black v. Rockmore, 50 Texas, 88; Buchanan v. Wagnon, 62 Texas, 375. We think it is deducible from these authorities that, where there is an administration, the determination of such questions between the claimants of the homestead and those asserting liens on it belongs to the probate court, and after it has set aside the property as homestead it can not be sold under powers of sale such as that relied on by plaintiff in error, although the administration has been closed. The sale upheld in Rodgers v. Watson, 81 Texas, 400, was made after the time had elapsed in which an administration could be opened and none had been had. The action of the trustee, therefore, did not come in conflict with that of the probate court.