**FEDERAL LAND BANK OF HOUSTON
v. TARTER et al.
No. 1582.**

Court of Civil Appeals of Texas. Waco.
Sept. 19, 1935.

Rehearing Denied Oct. 17, 1935.

Lewis Rogers and B. C. Billingsley, both of Houston, and McKinney & Berry, of Cooper, for appellant.

Moore & Moore, of Paris, for appellees.

GALLAGHER, Chief Justice.

Appellant, Federal Land Bank of Houston, a corporation, brought this suit in the district court to recover of appellees, Sallie C. Tarter, as administratrix of the estate of A. J. Tarter and Texana Tarter, deceased, said Sallie C. Tarter, individually, and the other children and heirs of said decedents, three certain tracts of land alleged to contain 200.18 acres, but in fact containing at least 206.03 acres. Appellees by appropriate pleadings claimed that the land sued for constituted a part of the estate of said A. J. and Texana Tarter; that title thereto was vested in them as the lawful heirs of said decedents, and that appellant had no title thereto. A. J. Tarter and Texana Tarter were husband and wife, and the property involved herein belonged to their community estate. On December 15, 1923, said Tarter and wife executed to appellant their note for the sum of $6,900, and secured the same by a deed of trust on two of the tracts of land involved herein; said tracts being described as the 42.2-acre tract and the 57.86-acre tract. These two tracts of land were included in the homestead designation by Tarter and wife theretofore filed, but the validity of the lien is not questioned. On August 18, 1926, Tarter and wife executed to appellant another note for the sum of $4,100, and secured both said note and their $6,900 note as aforesaid by a deed of trust lien on all three of the tracts of land involved in this suit. A part of said indebtedness was in renewal of a mechanic's lien which covered the first two tracts involved herein, but the remainder thereof was not shown to constitute a valid lien on said two homestead tracts.

Texana Tarter died September 15, 1926, and A. J. Tarter died November 13, 1926. Both died intestate. Administration was granted on their joint estate on March 3, 1927, and appellee Sallie C. Tarter qualified immediately thereafter as administratrix thereof. Said administration was pending at the time of the trial herein, and the validity thereof is not questioned. The said Tarter and wife left surviving them the said Sallie C. Tarter, an unmarried daughter residing with them at the time of their death, and two minor children, besides other children and heirs who

**524**

were not entitled to homestead rights. The county court, on December 1, 1928, set aside to said Sallie C. Tarter, an unmarried daughter, and the two minor children as a homestead all of the land sued for herein and also 6 acres additional out of another survey, which tract is not embraced in either of the deeds of trust given by said Tarter to appellant. The lands so set aside as homestead were all the lands included in the inventory, and amounted in the aggregate, according to some of the testimony, to approximately 212 acres. Said several tracts were contiguous and constituted a single body of land. That they were all used for homestead purposes by ·Tarter and wife at the time of their death is not questioned. The order setting said lands aside charged them with such indebtedness of the estate as was legally enforceable against them. Appellant never presented its claim against said estate to the administratrix for allowance, but on February 3, 1931, caused the land in controversy to be sold under a power contained in said last-mentioned deed of trust in satisfaction of both notes held by it and became the purchaser of said land at said sale for the sum of $2,000, and immediately thereafter entered into possession thereof. The inventory showed that all the lands belonging to the estate as aforesaid were appraised at the lump sum of $15,-000; that the personal property was appraised at $1,132, and that the claims due the estate amounted in the aggregate to the sum of $2,056.25.

The case was tried by the court without a jury, and judgment was rendered that appellant take nothing by its suit and that appellees recover of appellant on their cross-action title and possession of all the land sued for herein, and that they also recover of appellant the sum of $1,500, the rental value of said lands for the years 1931 and 1932, during which time appellant held possession thereof.

### Opinion.

 Appellant presents various assignments of error in which it contends the court erred in holding that the grant of administration upon the estate of Tarter and wife suspended the power of sale contained in their deed of trust to it, that its lien upon said lands, notwithstanding they had been set aside as a homestead, could be enforced in such administration, and that the sale of said lands under the power con-

tained in said deed of trust was void because made during the pendency of such administration. Based thereon, appellant further contends that the court erred in refusing to render judgment in its favor for the recovery of said lands. No other issue is presented in this appeal. Consideration of the authorities bearing on appellant's contentions requires a review of the statutes in this state regulating probate procedure. The Probate Act of 1848, 3 Gammel's Laws, p. 235 et seq., was, with reference to exempt property, in many respects similar to our present laws. Said act remained in force until 1870. A radical change in the procedure affecting exempt property was made by the Probate Act of 1870, 6 Gammel's Laws, p. 315 et seq. Section 26 of said act was as follows: "The property reserved from forced sale by the Constitution and laws of this state, or its value, if there be no such property, does not form any part of the estate of a deceased person where a constituent of the family survives."

Said act was, however, superseded, and said section repealed, by the Probate Act of 1876. 8 Gammel's Laws, p. 929 et seq. The last act as modified by the commissioners became title 37 of the Revised Statutes of 1879. (Art. 1789 et seq.). That title as amended from time to time constitutes title 54 of the Revised Statutes of 1925 (article 3290 et seq.), and regulates present probate procedure. Continuously since the enactment of the Probate Act of 1876, the estate of a decedent has been held to include his entire property, both exempt and nonexempt, and the jurisdiction of the probate court over the same for the purposes contemplated by the statute fully recognized. To this end an inventory of all the property belonging to the estate of deceased is required in every case to be prepared and filed. Rev. Stat. arts. 3408, 3436, and 3666. The county court is authorized to ascertain the status of the property shown by the inventory and to set aside the homestead and other exempt property for the use of the surviving constituents of the family, or to make allowances in lieu 'thereof and to provide for the payment of the same. Rev. Stat. arts. 3485 and 3486. It is expressly provided in the same chapter that the homestead shall not be liable for the payment of any debts of the estate except for purchase money, taxes due thereon, or for work and material used in constructing improvements there-

on, for which a valid mechanic's lien has been fixed, and that no property on which a valid lien exists shall be set aside as exempt until the debt secured by such lien shall be first discharged. Rev. Stat. arts. 3499 and 3492. In this connection it is proper to note the transactions involved in this case transpired before the amendment of article 3492 by the Forty-Second Legislature, c. 236 (Vernon's Ann. Civ. St. art. 3492). These articles expressly recognize that debts of a decedent secured by valid liens on his exempt property including the homestead are none the less debts of his estate because so secured and that the liens securing the same are enforceable notwithstanding the exempt character of the property on which the same are fixed. Ample provision is made for the establishment of claims against the estate and for the enforcement of the same when secured by liens on property belonging thereto. For the protection of the estate claims are required to be verified, allowed by the administrator, or established by suit and an order or a judgment of the court approving and classifying the same made and entered. Sales of property to pay such claims are required to be reported to the court and confirmed before they become effective. Rev. Stat. art. 3584. Confirmation may be refused if the amount bid is inadequate. 14 Tex. Jur. p. 237, § 457; 14 Tex. Jur. p. 242, § 463. After the application of the proceeds of the sale of encumbered property to the secured debt, the remainder unpaid thereon constitutes a claim against the general assets of the estate. 14 Tex. Jur. p. 180, § 397; Rev. Stat. art. 3531, subd. 3; Walker v. Kerr, 7 Tex. Civ. App. 498, 27 S. W. 299, 300 et seq. The provisions hereinbefore recited have been carefully devised for the orderly administration of estates and for the protection of rights of all parties, including surviving constituents of families entitled to exemptions and all creditors, both secured and unsecured. The unsecured creditor who can look alone to the general nonexempt assets for the payment of his debt is accorded the right to have the amount of the debt of a secured creditor and the existence and extent of his lien judicially determined and the right to have any sale of the encumbered property made by the administrator examined and approved by the court before such sale shall become effective. The secured creditor is afforded an opportunity in one proceeding to procure the application of the entire estate to the payment of his debt so far as he may be entitled thereto. Where the homestead consists of more than one tract and a part of the secured debt is enforceable against one of the tracts, but not all of them, the rights of the respective parties can be protected by ordering each tract sold separately. When the homestead or other exempt property is taken to satisfy encumbrances thereon, the surviving constituent or constituents of the family can have an allowance made and paid in lieu thereof if funds therefor are available. The facts as found by the court with reference to any of these matters are necessarily binding on all parties interested. We think that the rights of all such parties are so interdependent that they can be fully ascertained and protected only in the proceeding by administration provided by our probate statutes. Tiboldi v. Palms, 97 Tex. 414, 416, 79 S. W. 23; Id., 34 Tex. Civ. App. 318, 78 S. W. 726, 727. In this case the property set aside to the minor children and unmarried daughter as a homestead has been seized and taken from them by appellant as purchaser at trustee's sale, but the validity of such sale has not been established in the administration proceedings so as to authorize the court to make an allowance in lieu thereof to said parties. The property sued for herein, in connection with an additional 6-acre tract, was appraised at $15,000. The encumbrance thereon was $11,000, with an undisclosed accumulation of interest. The land was sold to appellant by the trustee for $2,000, only a small per cent. of its appraised value, leaving a claim in favor of appellant for more than $9,000 provable against the estate of the Tarters and payable out of the general assets thereof. There is, of course, no judicial determination that the price was adequate, as is the case where a sale is made by an administrator and confirmed by the probate court. It is immaterial that the remaining assets of the estate in this particular case are comparatively small. The principles involved are applicable in all cases, regardless of incidental differences.

The Probate Law of 1876 was enacted shortly after the adoption of our present Constitution. Appellant stresses the provisions of the latter instrument which declare that "on the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall

be governed by the same laws of descent and distribution." Const. art. 16, § 52. The vesting of title to property on death of the owner is not regulated by the Constitution,' but by the terms of Revised Statutes, art. 3314, and by title 48, on Descent and Distribution (article 2570 et seq.). Said article 3314 provides that, when a person dies intestate, his estate shall vest immediately in his heirs, subject, however, to the payment of debts except such as may be exempted by law. The statutes following the provisions of other sections of the Constitution exempt the homestead from liability for the payment of all debts of the estate except those enumerated in article 3499 hereinbefore cited, but as to the debts so enumerated no exemption exists. Our Supreme Court, in Thompson v. Kay, 77 S.W.(2d) 201, 210, par. 5, expressly held that the Constitution deals in no wise with the relative rights of creditors and heirs of decedents' homesteads, save to regulate descent and partition. The issues involved herein must therefore be determined by the pertinent provisions of our present statutes regulating proceedings in county courts sitting in probate.

The basic issue involved in appellant's contentions in this case is whether the county court has potential jurisdiction to establish debts secured by a lien on the homestead and to enforce such lien by the sale thereof for the payment of such debts. The constitutional grant of jurisdiction to the county court in matters of probate is general, and includes express authority to transact all business pertaining to deceased persons, including the settlement, partition, and distribution of their estates. Const. art. 5, § 16. The procedure for the exercise of that jurisdiction is prescribed by statutory law. Some of the material provisions of our statutes with reference to establishing and enforcing secured claims against an estate have been hereinbefore cited and discussed. We have found nothing in our present probate statutes inhibiting the enforcement in administration proceedings of a valid lien against a homestead. Our Supreme Court, in Hensel v. International Bldg. & Loan Ass'n, 85 Tex. 215, 218, 20 S. W. 116, 117, et seq., held that an order of the probate court setting aside the homestead to surviving constituents of the family did not exhaust the power of the court over the same. In that case the county court, after making an order setting aside the homestead, approved a claim which constituted a lien thereon. The district court on appeal again allowed the claim in full and foreclosed the lien securing the same. We quote from the opinion in that case as follows: "The action of the county court in setting aside the homestead to the unmarried daughters did not divest it of the authority to subsequently charge the property with a superior lien. The homestead is properly set aside before the time for the presentation of claims against the estate expires, and such disposition of it is made subject to pre-existing claims against it, which may still be enforced."

That case was cited, and the rule announced therein followed, in Fossett v. McMahan, 86 Tex. 652, 654, 26 S. W. 979. In the case of Tiboldi v. Palms, an administration was granted on the estate of the deceased and the property involved set aside to minor children as a homestead. It was encumbered at the time with a valid lien to secure an indebtedness due Tiboldi. He never presented his debt for allowance, approval, and classification. After the administration was duly closed, he caused the encumbered property to be sold under a power contained in the deed of trust which secured his debt. He then sued the minors to recover the same. The trial court denied a recovery, and the Court of Civil Appeals held he had acquired no title by such sale and affirmed the judgment. 34 Tex. Civ. App. 318, 78 S. W. 726. The Supreme Court refused an application for writ of error in the case, with a written opinion, from which we quote as follows:

"We agree with the Court of Civil Appeals that, to give such a claim precedence over the homestead right adjudged by the probate court to the claimants thereof, such lien is required by the probate law to be enforced in the administration proceedings. Fossett v. McMahan, 86 Tex. 652, 26 S. W. 979; Hensel v. International B. & L. Ass'n, 85 Tex. 215, 20 S. W. 116; Abney v. Pope, 52 Tex. [288], 292; Black v. Rockmore, 50 Tex. 88; Buchanan v. Wagnon, 62 Tex. 375. We think it is deducible from these authorities that, where there is an administration, the determination of such questions between the claimants of the homestead and those asserting liens on it belongs to the probate court, and after it has set aside the property as homestead

it cannot be sold under powers of sale such as that relied on by plaintiff in error, although the administration has been closed. The sale upheld in Heirs of Rogers v. Watson, 81 Tex. 400, 17 S. W. 29, was made after the time had elapsed in which an administration could be opened and none had been had. The action of the trustee therefore did not come in conflict with that of the probate court." 97 Tex. 414, 416, 79 S. W. 23.

In the case of Gregory v. Ward, 118 Tex. 526, 18 S.W.(2d) 1049 et seq., the land involved had been set aside as a homestead. It was charged with a valid lien for purchase money. The debt had been presented to the administratrix and allowed and the claim approved and classified by the probate court. Third parties had, subsequent to the death of the intestate, acquired rights and assumed liabilities such as to invoke the jurisdiction of the district court to determine the rights of all parties at interest. That court established the debt claimed, foreclosed a lien securing the same, and ordered the issuance of process for the sale of the land in satisfaction of the judgment. The Supreme Court affirmed the judgment establishing the debt and foreclosing the lien, but ordered such judgment certified to the probate court for enforcement. We quote from the opinion in that case (118 Tex. 526, page 533, 18 S.W.(2d) 1049, 1051) as follows: "However, we think the judgment of the district court should be performed through the probate court, and, if a sale of the property is necessary, it must be made through that court. Lauraine v. Ashe, supra, 109 Tex. pages 69, 76, 191 S. W. 563, 196 S. W. 501; Farmers' & Merchants' Nat. Bank v. Jones (Tex. Civ. App.) 254 S. W. 251; Meyers v. Evans, 68 Tex. 466, 5 S. W. 66; Rev. St. 1925, arts. 2222, 3523. The authorities appear to be so plain that we deem any discussion unnecessary." ·

See, in this connection, Hoefling v. Hoefling, 106 Tex. 350, 362, 167 S. W. 210; Ford, Rec'r, v. Sims, 93 Tex. 586 et seq., 57 S. W. 20; Investors Mortgage Security Co. v. Newton, 109 Tex. 478, 480, 211 S. W. 971; Meyer v. Meyer (Tex. Civ. App.) 223 S. W. 259, 261, par. 2 (writ refused), and authorities there cited; Wade v. Freese (Tex. Civ. App.) 71 S. W. 69, 70; Denton v. Meador (Tex. Civ. App.) 268 S. W. 762, 764, par. 1; Tyson v. Union Central Life Ins. Co. (Tex. Civ. App.) 53 S.W.(2d) 79, 80, ·pars. 1 and 2 (writ refused). Under the authorities cited, the county court has not only potential jurisdiction in a pending administration to approve a claim secured by a valid and enforceable lien on the homestead and to order the sale thereof to satisfy such claim, but such jurisdiction is exclusive. The sale of the homestead by a trustee under the power given by the deceased in his lifetime is, under such circumstances, ineffectual to divest the heirs of the deceased of their title thereto and to ˙vest such title in the purchaser at such sale.

There is little, if any, conflict between the cases cited and relied on by appellant and those recited above. We have heretofore cited in its chronological order the Probate Act of 1870 and quoted section 26 therefrom. This section was properly applied in cases arising while it was in force. Wiener v. Zweib, 105 Tex. 262, 281, 141 S. W. 771, 147 S. W. 867. While many of the cases cited by appellant contain broad expressions declaring that the homestead of the deceased was not subject to administration for the payment of debts, an examination of such cases will in most, if not all, instances disclose that the debts referred to were general unsecured debts and that the administration under discussion was for the payment of such debts. Childers v. Henderson & Co., 76 Tex. 664, 13 S. W. 481; Zwernemann v. Von Rosenberg, 76 Tex. 522, 13 S. W. 485; Lacy v. Lockett, 82 Tex. 190, 17 S. W. 916; Greene v. Cass County State Bank (Tex. Civ. App.) 7 S.W.(2d) 620, 622, par. 1; Stephenson v. Marsalis, 11 Tex. Civ. App. 162, 33 S. W. 383; Randolph v. White (C. C.) 135 F. 875; American Bonding Co. v. Logan, 106 Tex. 306, 314, 166 S. W. 1132; Johnson v. Hampton, 117 Tex. 580, 8 S.W.(2d) 640; Cline v. Niblo, 117 Tex. 474, 8 S.W.(2d) 633, are. of this class. In the late case of Cline v. Niblo, by our Supreme Court, the jurisdiction of the county court to enforce a valid lien on the homestead is, by necessary implication, clearly recognized. We quote from the opinion in that case, 117 Tex. 474, 8 S.W.(2d) 633, page 636, as follows:

"We have various statutes the effect of which is to withdraw homestead property from the jurisdiction of the probate court and deny it power to administer the homestead estate *except where debts exist for which such an estate is constitutionally li-*

*able.* See, generally, R. S. arts. 3485, 3488, 3493, 3494, 3495, 3496, 3498, 3499, 3500, 3501. Space does not permit a statement of the substance of these several statutes, but we will direct particular attention to article 3499. The Constitution, in section 50, art. 16, declares that the homestead of the family 'shall be, and is hereby protected from forced sale, for the payment of all debts except,' etc. Article 3499 in similar language exempts the homestead estate from liability for all debts of the decedent, except those for which it may be liable under the Constitution. These constitutional and statutory exemptions amount to a withdrawal of the homestead from the jurisdiction of probate courts *in the absence of liabilities for which it may be held under the Constitution and statutes,* as appears from the authorities cited and to be cited." (Italics ours.)

Some of the cases cited involved an application of the general rule that a single debt does not create a necessity for administration. 13 Tex. Jur. p. 594, § 12. It would further appear that, when the homestead is the only property belonging to an estate and it is encumbered by a single enforceable lien, no administration would be necessary. See, in this connection, Kimmons v. Abraham (Tex. Civ. App.) 176 S. W. 671 (cited by appellant) ; and also Denton v. Meador, supra, and authorities cited at the close of paragraph 1. In the case of Hale v. Hannah, 56 S.W. (2d) 259, by this court, it appears from the opinion that the homestead was the only property belonging to decedents or either of them and that the debt for which. it was sold was the only encumbrance. It does not appear whether the sale of such homestead under the power in the instrument creating the lien was before or pending administration. However, if the opinion in that case is in any way in conflict with our opinion herein, the same does not reflect the present views of this court.

The judgment of the trial court is affirmed, but nothing herein shall affect appellant's right, if any, to enforce the collection of its debt by any lawful procedure.