**BRITTON et al. v. WILSON.**

No. 3478.

Court of Civil Appeals of Texas. El Paso.

Feb. 4, 1937.

Rehearing Denied Feb. 25, 1937.

W. P. Neblett, of Houston, for appellants.

P. Harvey, of Houston, for appellee.

HIGGINS, Justice (after stating the facts above).

The validity of Washam's lien is not questioned. In her special answer to the plaintiff's suit the defendant, in avoidance of the trustee's sale and deed, set up the administration upon the estate of the deceased, presentment by Washam of his claim, and its approval by the probate court as a third class claim, secured by lien of the deed of trust upon the land. She here seeks to sustain the judgment upon the theory that the probate court had exclusive jurisdiction to foreclose the lien, for which reason the trustee's sale passed no title.

The question at issue is ruled in appellee's favor by the recent case of Federal Land Bank v. Tarter (Tex.Civ.App.) 86 S.W.(2d) 523, 527, in which a writ of error was dismissed.

In that case the bank sued the administratrix and heirs of A. J. and Texana Tarter to recover certain lands which had been set aside to the heirs as a homestead by the probate court subject to a deed of trust lien held by the bank against the land. The bank's title was based upon a trustee's sale of the land under power in the deed of trust to the bank executed by the decedents.

In the case cited Chief Justice Gallagher reviewed the authorities and held: "Under the authorities cited, the county court has not only potential jurisdiction in a pending administration to approve a claim secured by a valid and enforceable lien on the homestead and to order the sale thereof to satisfy such claim, but such jurisdiction is exclusive. The sale of the homestead by a trustee under the power given by the deceased in his lifetime is, under such circumstances, ineffectual to divest the heirs of the deceased of their title thereto and to vest such title in the purchaser at such sale."

It is also shown the opinion in Cline v. Niblo, 117 Tex. 474, 8 S.W.(2d) 633, 66 A.L.R. 916, impliedly recognized the jurisdiction of the probate court to foreclose a valid lien upon the homestead.

In the case at bar there is no showing the land has been set aside to the defendant as a home, as in the case cited, but she is in possession thereof as her home, and the probate court has the authority to set it aside to her as such, sub-

ject to Washam's lien. See the amendment of article 3492, R.S., in 1931 by Acts 42d Legislature, chapter 236, p. 391 (Vernon's Ann.Civ.St. art. 3492). This difference in the facts in the two cases is unimportant.

■ Concurring in and following the ruling in the Tarter Case, we hold, under the facts here shown, the probate court had exclusive jurisdiction to foreclose the lien of the deed of trust, and the trustee's sale passed no title.

Except as shown by the statement of the facts above made, there was no documentary evidence offered of the proceedings in the probate court.

On cross-examination by counsel for appellants, the appellee testified:

"Q. And you recall, do you, the fact that you went in the Probate Court, that is Judge Ward's court down the hall here, at the time that we were seeking to sell the property, the administration, you remember that? A. I remember you told me they had sold it, and I got an attorney to look after it for me. I remember you told me they had sold it in the Probate Court, that you were appointed administrator and sold it, and I got me an attorney to look after it.

"Q. You got Mr. Harvey to go in and throw out the order of sale, didn't you? You claimed it as a homestead, didn't you? A. Yes, sir."

Based upon this testimony, appellants in their brief say the defendant in the probate court asserted such court had no jurisdiction over the homestead, and upon that ground induced that court to refuse to confirm a sale of the land made to satisfy Washam's debt. The testimony quoted does not clearly show what transpired in the probate court, but if the action assumed by appellants was taken, it cannot aid them in this suit. If such ruling was made by the probate court, appellants' remedy was by an appeal from the order denying confirmation.

Appellee cross-assigns error to the refusal of the court to render judgment in her favor upon her cross-action for the title and possession of the land.

■ Upon the record here presented, Washam has a valid lien upon the land, for which reason the court properly denied

the recovery sought by appellee, and properly incorporated in the judgment the without prejudice clause quoted.

The judgment is affirmed.