**LAUBHAN v. PEORIA LIFE INS. CO. et al.**

No. 4229.

Court of Civil Appeals of Texas. Amarillo.

May 31, 1937.

Rehearing Denied June 28, 1937.

E. C. Gray, of Higgins, for appellant.

Morgan, Culton, Morgan & Britain, of Amarillo, for appellees.

JACKSON, Justice.

This is an appeal from a decree of the district court of Lipscomb county, reversing in part a judgment of the probate court of said county, and ordering such decree certified to said probate court for observance.

The record shows that Barbara Laubhan is the surviving wife of Alexander J. Laubhan, deceased; that prior to his death, they had acquired 807 acres of land situated in Lipscomb county; and that 200 acres thereof, the northeast one-fourth and the east one-fourth of the northwest one-fourth of section 1136, in block No. 43, constituted the homestead of Alexander J. Laubhan, his wife, and their children.

On or about September 15, 1932, Alexander Laubhan died, and Barbara Laubhan qualified as general administratrix of the estate of her deceased husband on January 2, 1933, and on February 23d, thereafter, she made application to the probate court to have said 200 acres set aside for the homestead of herself, her unmarried daughters, and minor children. On the same day, the probate court entered its order setting aside said 200 acres, properly described, for the homestead of Mrs. Laubhan and her children, and decreed that said 200 acres was discharged of any existing liens against it.

On May 4th, the Peoria Life Insurance Company, alleging that it had a valid lien against the 807 acres, including the 200 acres in the homestead, to secure the purchase money therefor, about $12,500, and the Keystone Mortgage & Investment Company, claiming to own such a lien against

the same land to secure the purchase money of about $1,100, made application to the probate court of Lipscomb county to vacate the order canceling their alleged liens against the said 200 acres of land. This order was entered without notice to them and without an opportunity to be heard, and to the extent that the 200 acres were discharged from their liens, they claimed it was wholly void and without force or effect.

On May 4th, on motion of Mrs. Barbara Laubhan, the administratrix, the probate court dismissed the applications of the Peoria Life Insurance Company and the Keystone Mortgage & Investment Company, and they prosecuted appeals from such order to the district court of Lipscomb county. On June 1, 1933, the administratrix filed her motion in the district court to dismiss said appeals because they failed to allege fraud, accident or mistake, and the applications to vacate were made subsequent to the term of court at which the order had been entered.

A hearing was had in the district court on the 12th of September, 1933; the motion to dismiss was overruled; a trial on the merits had; and a decree entered affirming the judgment of the probate court to the extent that it set aside the homestead to the administratrix and her children, but holding that said court was without power to cancel and discharge the liens, and that part of the judgment was reversed and the decree of the district court certified to the probate court for observance, from which action, the administratrix prosecuted this appeal.

There is no statement of facts in the record, but the findings of fact filed by the court show that appellees each held a lien against the homestead to secure the payment of a part of the purchase money thereof.

Article 3485, R.C.S., directs that the probate court at its first term after an inventory, appraisal, and list of claims have been returned, shall by an order, set apart for the use and benefit of the widow, her minor children and unmarried daughters with the family, all such property of the estate as may be exempt from forced sale. Article 3492, as amended by Acts 1931, c. 236, § 1 (Vernon's Ann.Civ.St. art. 3492), provides, in effect, that no property upon which there is a valid subsisting lien shall be set apart as exempt property, and article 3499 is to the effect that the homestead shall be exempt from the payment of all debts of the estate except for the purchase money thereof, taxes due thereon, or work and material used in constructing improvements on the homestead.

The appellant claims that inasmuch as it is conceded that the county court set aside said 200 acres of land as the homestead on February 23, 1933, and adjourned the next day, the proceedings instituted by the motions filed or applications made by appellees on May 4th did not authorize the probate court to vacate the former judgment setting aside the homestead, because the probate court has no authority to vacate its judgment at a term subsequent to that at which it was entered.

While this is the general rule, it is said: "The court could not set aside such judgment at a subsequent term, if it had jurisdiction to enter the same, except upon a petition which showed good cause why the alleged defenses thereto were not presented at the time the claim was allowed, or motion for new trial filed during that term of the court." Yeager v. Bradley (Tex.Civ. App.) 246 S.W. 688, 689, writ refused 114 Tex. 581, 278 S.W. 1115. See, also, Hicks et al. v. Oliver, 78 Tex. 233, 14 S.W. 575.

"The county court of Van Zandt county was without authority, as against the holder of a valid lien thereon, to set aside the land in dispute to the widow of the deceased. Such a lienholder can, by proper proceedings in the court in which the order was made and the administration is pending, have said order declared void as to him, and procure an order to sell the land. Harrison v. Oberthier, 40 Tex. 385; Hensel v. [International Building & Loan] Association, 85 Tex. 215, 20 S.W. 116; Fossett v. McMahan, 86 Tex. 652, 26 S.W. 979." Wade et al. v. Freese et al. (Tex.Civ.App.) 71 S.W. 69, 70.

We also call attention to Laubhan et al. v. Peoria Life Insurance Company (Tex.Com. App.) 102 S.W.(2d) 399.

The judgment is affirmed.