## COLE v. FRANKLIN LIFE INS. CO.
### No. 8333.

Geo. M. Hopkins, of Denton, Tex., for appellant.

E. A. Coker, of Dallas, Tex., and Jesse F. Holt, of Sherman, Tex., for appellee.

Before HUTCHESON and HOLMES, Circuit Judges, and STRUM, District Judge.

HUTCHESON, Circuit Judge.

The litigation out of which this appeal comes was begun in the state court on September 9, 1935, by plaintiff, appellant, suing for herself and as survivor in community of the estate of herself and her deceased husband, to cancel for usury certain deed of trust notes, and the lien securing same, on their farm in Denton county, Tex.

Removed to the federal court, the defendant on December 12, 1935, filed an answer in which it denied the charge of usury, and, as cross-plaintiff, alleging itself to be the owner of the land by purchase on October 1, 1935, at trustee's sale, sued for title and possession, and, in the alternative, for foreclosure of its lien. To its cross-action, in addition to plaintiff-appellant, defendant made the heirs at law of her husband parties. A master was appointed, and, plaintiff having dismissed her suit, all matters arising under the pleadings on defendant's cross-action, including pleas in abatement, (1) a plea of the death of T. A. Cole intestate on April 24, 1935, that the sale defendant relied on was made October 1, 1935, and of the pendency of an administration on his estate taken out March 13, 1936, (2) a plea of a petition for composition and extension of farm debts, filed by plaintiff on February 27, 1936, under the Frazier-Lemke Act as amended, Bankr.Act § 75, 11 U.S.C.A. § 203, were submitted for his findings and report.

The master recommended that the pleas in abatement be overruled, and, upon evidence fully supporting his findings, found that plaintiff's defenses of homestead when the loan was made, of usury in it, and of failure of proof that the deed of trust sale was properly conducted, were without merit. He thought the title under the trustee's deed good against all the defendants in the cross-action, and subject only to administration. He therefore recommended judgment on the cross-action for title and possession of the land, subject, however, to the orderly administration of T. A. Cole's estate in the probate court.

The District Judge, upon consideration of the findings of fact, conclusions of law, and recommendations of the master, confirmed them and entered a decree accordingly. Of the defendants in the cross-action, only the original plaintiff appealed.

While appellant does rather feebly advance other claimed errors, her main contention on this appeal is that Cole, having died leaving a heavily encumbered estate, the power of sale the deed of trust gave was suspended until the affairs of the estate were liquidated by administration in the probate court, and that the sale having occurred within a few months after Cole's death, and an administration having been taken out shortly after the sale, the District Court should have abated the suit until the administration was terminated, or, because of the pending administration, have refused to give the trustee's deed effect.

Appellee insists that the decree is in exact accordance with the teachings of Wiener v. Zweib, 105 Tex. 262, at pages 272 and 274, 141 S.W. 771, 776, 147 S.W. 867, where the court said:

"The trustee's deed, made after the death of the constituent and before the lapse of the time within which an administration might have been sued out on the estate of the grantor, was valid and effective, and passed the title to the land conveyed, sub-

ject only to be set aside by an administration for the payment of such preferred claims as might have existed under the law at the time, and as such deed might have interfered with the orderly administration of said estate. Such deed, made under the circumstances of this case, was neither invalid nor in a state of suspense, except in so far as it might have interfered with the due execution of an administration of the estate of the deceased grantor in said deed of trust; but, to the contrary, said deed was valid and effective, and upon its execution passed the title to the purchaser of said land at said sale against the heirs of the deceased and all other persons with the bare exception above stated. * * *

"We are of opinion the plaintiffs below, as the heirs of the grantor, had no right to raise the question of the invalidity of the sale under the deed of trust, on the ground that the sale was made after the death of the grantor and before the period had elapsed in which an administration could have been had on the estate of the grantor, for the reason that such issue could be raised only by the administrator in the interest of the creditors having claims against the estate of such decedent. The heirs of the decedent, as such, had no interest in the question of the validity of such sale of the decedent's property under the deed of trust executed by him, since the invalidity of such sales, under such circumstances, could be declared invalid only as they did or might interfere with the orderly procedure of pending administrations. If there was no administration pending, there could be no interference with its orderly execution; and if an administration was pending the interference with its orderly enforcement could be suggested only by the administrator in the interest of the administration and creditors of the decedent."

It insists that though in that case no administration was ever taken out, and the attack upon the sale was made long after the time for taking one out had expired, the case in principle decides that the death of a mortgagor does not revoke, nor place in a state of suspension, the power of sale, nor does it render invalid a trustee's deed made under the power within the four years in which an administration could be taken out. It argues therefore that it, as a purchaser under such a deed, took the title against the heirs of the deceased and all other per-

sons, subject only to a due administration in the interest of creditors, taken out within the statutory time.

Appellant meets this insistence by pointing out that the language quoted from the Weiner-Zweib opinion must be regarded as dicta, because after a dissent vigorously attacking not only the holding, but the pronouncements made in the course of it, the case was on motion for rehearing decided on a wholly different ground, and it was expressly stated that the facts did not demand a decision of the issue dealt with in the original opinion.

It points out, too, that even if the language quoted in the Weiner opinion be regarded as authoritative upon its facts, the facts of that case were wholly different from this one. There, though the sale was made within the four years for taking out an administration, no administration was ever taken out, nor, as appears from the opinion, was any necessity for administration shown. Further, the attack on the deed was not made until long after the possibility of administration had passed. Here, though the sale was made before the administration was granted, both sale and administration took place within a year after decedent's death, and there was a pending administration when the case was tried below. This case, therefore, argues appellant, is ruled in principle not by cases like Weiner v. Zweib, supra, and Freece v. Truskett, Tex. Com.App., 106 S.W.2d 675, where no administration was ever taken out, and the attack on the deed was made after the time for administering had passed, but by Federal Land Bank v. Tarter, Tex.Civ.App., 86 S.W.2d 523, and the cases it grounds on, and by Britton v. Wilson, Tex.Civ.App., 101 S.W.2d 889. In Tarter's Case [1] the Tenth, and in Britton's the Eighth District Court of Civil Appeals, holding that the power of sale in the mortgage was suspended by its pendency, held invalid a sale and deed made under the power while an administration was pending on the estate of the deceased mortgagor. It is ruled in principle, too, appellant says, by Markham v. Wortham, Tex.Civ.App., 67 S.W. 341; Tiboldi v. Palms, 34 Tex.Civ.App. 318, 78 S.W. 726, 727, writ of error denied in 97 Tex. 414, 79 S.W. 23, and Wilson v. Harris, 91 Tex. 427, 44 S.W. 65, all holding void a sale, under a power in a deed of trust made after the close of an administration.

---

[1] In this case the application for writ of error was dismissed.

Appellee, standing steadily to its insistence that not only the decision, but the reasoning of Weiner v. Zweib is controlling in Texas, points out that in Freece v. Truskett, 106 S.W.2d 675, the Supreme Court of Texas, as late as June 23, 1937, quoted with approval from Weiner v. Zweib the very paragraph quoted first above. It points, too, to the fact that a writ of error was granted in Witthaus v. Natali, Tex.Civ.App., 107 S. W.2d 998, in which the First Court of Civil Appeals had, contrary to Weiner's Case, held invalid a trustee's sale made as the one here was, before the time for administration had expired, though no administration had been taken, or could be taken, within the time limited for one.

Finally, pointing out that the courts of Texas have uniformly held that the probate court, through a pending administration, draws to itself full jurisdiction over claims by and against estates, and that a trustee's sale, made while administration is pending, or after an administration has been closed, is ineffective to pass title [2] it draws what it regards as the significant distinction between the Tarter Case and those cases cited above, and this one, that in the Tarter Case the sale occurred while administration was pending, and, further, the probate court had set the property aside as homestead, and in the other cases cited in the note administration had been completed without presentation by the note holder of his claim, while here the sale occurred before any action had been taken in the probate court, indeed, before an administration had been begun there.

Thus the parties draw the issue between them on whether the power of sale under the trust deed is suspended and a sale under it is therefore void only while an administration is pending, or whether it is also suspended and a sale under it is void if, though the sale occurred first, administration followed within the statutory time for obtaining one. Appellee puts its trust in the broad language of the Weiner Case, that the widow and heirs have no right to raise the question of the invalidity of the sale under the deed of trust, that it is good as to them, and can be raised only by the administrator in the interest of creditors having claims against the estate of the decedent.

Appellant insists that this language was not only not necessary to the decision of the case, but it does not correctly state the law in Texas. She urges that Judge Dibrell's opinion is authority, if authority at all, only for the proposition that a sale under power, made within the four years within which an administration can be taken out, may not be assailed or questioned after that four years, if no administration is taken out within that time [3] and that all the rest of it is dicta. She urges further that in view of the disposition the court made of the case on rehearing, the whole of the opinion is dicta.

A careful reading of the opinions of the Supreme Court in Weiner v. Zweib in the light of all its prior decisions, and particularly of those it discusses and quotes from therein, and of the utterances of the Texas appellate courts since, leaves us in no doubt that, while the expressions above quoted from that case, especially those appearing in the second quoted paragraph, fully support the action and decree of the District Judge, those expressions, in their broadness and generality, except as confined in application to the very facts of that case, where no administration was ever taken out, and for lapse of time could not be, must be regarded especially in view of the disposition made on rehearing, not only as unnecessary to the decision, and dicta, but in their broadness and generality as without support in the Texas decisions.

While, therefore, notwithstanding the disposition on rehearing, we should feel constrained, in the absence of an express overruling of that decision, to follow it if we had before us the exact case, that was decided there, we are under no further constraint

[2] Robertson's Adm'x v. Paul, 16 Tex. 472; Graham v. Vining, 2 Tex. 433; Wilson v. Harris, 91 Tex. 427, 44 S.W. 65; Tiboldi v. Palms, 34 Tex.Civ.App. 318, 78 S.W. 726; Id., 97 Tex. 414, 79 S.W. 23; Markham v. Wortham, Tex.Civ.App., 67 S.W. 341.

[3] All that was actually decided in the main opinion appears in this paragraph of it:

"The Court of Civil Appeals, speaking through Justice Fly, in an elaborate and well considered opinion, holds the view that where there was no administration on the estate of the grantor, and after the lapse of four years, the time within which an administration could be sued out, a sale made under the deed of trust after the death of the grantor, and before the lapse of four years, was valid and passed title to the land conveyed and we approve that holding."

than that. Particularly are we of the opinion that we are not constrained to follow the expressions in that case to the conclusion for which appellant argues, that the sale made here was effective, to pass the title to the purchaser at the sale, as to and to support a decree against the widow and heirs of the decedent.

■■■ It appears in this case that the estate of the deceased was heavily encumbered.; that an administration on it was necessary; that within a few months after the decedent's death the holder of the mortgage forced a sale under the power, and bought the property in; that shortly thereafter and within a year of decedent's death, an administration was taken out, and was pending when the suit was tried. We think it is the law of Texas, as its decisions have marked it out, that the taking out of the administration upon Cole's estate within the four years limited for doing so, drew to the probate court the entire and exclusive jurisdiction over his estate, and all claims against it, secured and unsecured with full and complete power of administration, as the estate existed at the death of the testator or intestate. [4] We therefore think that the sale, which under Weiner v. Zweib would, if no administration had been taken out within the statutory time, Vernon's Ann.Civ.St. Tex. art. 3325, have been beyond attack, was by the taking out of the administration avoided, and the creditor was thereafter and thereby compelled to present his claim to, and to enforce it through, the administration, as a secured claim upon pain of loss of both claim and lien, unless he did so. So potent, so all-embracing, and so exclusive are the statutes of administration, both potentially within the four years, even though an administration has not been taken out, and actively after it has, that it is the uniform holding of the Texas courts that the heirs cannot, within the administration period, sue to recover property belonging to the estate, without pleading and proving

that no administration is pending and none necessary. Youngs v. Youngs, Tex.Com. App., 26 S.W.2d 191.

■■■ From the earliest days a statutory administration upon the estate of a deceased person in Texas has been regarded as comprehensive and all-embracing. From the earliest days it has been continuously held that an administration begun within the statutory limit draws to it the exclusive disposition of the entire estate of the deceased, including all claims against it, and all those in its favor. Under these authorities, where there is an administration in the probate court, it is only through that court that claims, secured or unsecured, may be established and realized upon.

In a note to State Bank of Orlando v. Macy, 78 A.L.R. 1119, at page 1134, it is stated that the Texas cases support the minority rule that under a general nonclaim statute, the failure to present a mortgage claim against the estate of a deceased mortgagor bars the right to foreclose or enforce the mortgage against the mortgaged property. Numerous Texas cases are cited to the point. The probate statutes in force in Texas when the sale in question here was made and the case tried are comprehensive and complete. As as we have seen above, the administrator was entitled to the possession of the estate as it existed at the death of the testator or intestate. Chapter 18 of title 54, Estates of Decedents, Vernon's Ann.Civ.St.Tex. art. 3504 et seq., contains stringent provisions for the presentation of claims, including one that claims not presented within a year after administration is taken out, are postponed until all other claims timely presented, have been paid.

■■■ As we have seen above, under the Texas statutes governing estates of deceased persons, the holder of a deed of trust may not sell under the power when an administration is pending [5] nor withhold his claim

---

[4] Article 3314, Rev.Civ.St.Tex., provides: "And, whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law, but * * * shall still be liable and subject in their hands to the payment of the debts of the intestate; but upon the issuance of letters testamentary or of administration upon any such estate, the executor or administrator shall have the right to the possession of the estate as it existed at the death of the testator or intestate,

* * * and he shall recover possession of and hold such estate in trust to be disposed of in accordance with law."

[5] In the Tarter Case the sale under the power after administration began was held void as to property administered upon and set aside to the widow in the probate court as her homestead, and though the lien under which the property was attempted to be sold would have gone against the homestead claim if it had been presented in the administration,

from administration, and after it has been closed, collect the notes by sale under his power. Though title descends to and vests in the heirs, they may not, within the four years for administration, sue without pleading and proving both that no administration is pending, and that there is no necessity for one. While no case precisely like the one at bar here has apparently been decided in Texas, we think it plain that the teachings of the cases are that the holder of a claim may not, as here collect upon it, by sale under the power before administration, and, administration having been taken out within the statutory time, rely upon the title obtained at the sale. We think the power was exercised and the sale made subject to the exclusive jurisdiction of the probate court, and to its being of no effect if administration should be taken out within the four years. We think that upon the taking out of the administration, sale and title fell.

This view, in our opinion, is required by the statutes of Texas governing administration of estates of decedents, and the authorities construing these statutes. We think it a just and reasonable one. It works no harm to the secured creditor. It does not affect his security. It merely requires him, just as all other creditors are required to do, to have his claim presented and adjudicated in the tribunal having jurisdiction of it. It saves the heirs and representatives of the deceased, as well as the creditors, from the swooping shock of a sudden and destructive sale at a time when the affairs of the estate are disorganized by the death of its head, its assets in a state of disintegration and confusion, and neither the heirs nor the unsecured creditors of the estate who are interested in the property to the full extent of its excess in value over the deed of trust lien, are in a position to protect the property at the sale.

We are of opinion, therefore, and we hold, that the sale under the power is invalid and appellee takes no title by it; that the decree awarding it title and possession was erroneous; and that it must be reversed, and the cause remanded, with direc-

tions to dismiss the cross-action, and remit claimant to its remedy in the probate court.

Reversed and remanded.

judgment for the lien went against the power at the sale in favor of the widow and heirs.

In the Britton Case, a suit by the purchasers at the trustee's sale made pending an administration against the widow of the deceased, it was held, following

the Tarter Case, that the probate court had exclusive jurisdiction to foreclose the lien of the deed of trust, and the trustee's sale was void. It held this though, unlike in Tarter's Case, no action had been taken to set the homestead aside.